# EXHIBIT A



6 of 8 DOCUMENTS

THE STATE OF NEW YORK
BILL TEXT

**State Net**®

STATENET A LexisNexis® Company

Copyright © 2011 LexisNexis. All rights reserved.

2011 NY S.B. 5846

NEW YORK 234TH ANNUAL LEGISLATIVE SESSION

SENATE BILL 5846

LAWS OF NEW YORK, 2011
CHAPTER 491
(SEE REPEAL NOTES AT END OF CHAPTER.)

BILL TRACKING REPORT: 2011 Bill Tracking NY S.B. 5846

*2011 Bill Text NY S.B. 5846*

**VERSION:** Chaptered

VERSION-DATE: August 17, 2011

**SYNOPSIS:** AN ACT to amend the civil service law and the state finance law, in relation to compensation and other terms and conditions of employment of certain state officers and employees, to authorize funding of joint labor-management committees, to implement agreements between the state and an employee organization; to amend chapter 333 of the laws of 1969 amending the civil service law and other laws relating to salary increases for certain state officers and employees, in relation to rates of pay for certain state employees; to repeal certain provisions of the civil service law relating thereto; and making an appropriation for the purpose of effectuating certain provisions hereof (Part A); to amend the civil service law and the correction law, in relation to salaries; to repeal certain provisions of such laws relating thereto; and making an appropriation for the purpose of effectuating certain provisions hereof (Part B)

Became a law August 17, 2011, with the approval of the Governor.

Passed on message of necessity pursuant to Article III, section 14 of the Constitution by a majority vote, three-fifths being present.

**NOTICE:** [A> UPPERCASE TEXT WITHIN THESE SYMBOLS IS ADDED <A]
[D> Text within these symbols is deleted <D]

**TEXT**: The People of the State of New York, represented in Senate and Assembly, do enact as follows:

Section 1. This act enacts into law legislation necessary to implement collective bargaining agreements, to make changes to an existing collective bargaining agreement, and to implement changes to salary and benefits for certain state officers and employees excluded from collective negotiating units. Each component is wholly contained within a Part identified as Parts A through B. The effective date for each particular provision contained within such Part is set forth in the last section of such Part. Any provision in any section contained within a Part, including the effective date of the Part, which makes reference to a section "of this act", when used in connection with that particular component, shall be deemed to mean and refer to the corresponding section of the Part in which it is found. Section two of this act sets forth the general severability clause applying to this act. Section three of this act sets forth the general effective date of this act.

PART A

COLLECTIVE BARGAINING AGREEMENT BETWEEN

THE STATE OF NEW YORK AND THE CIVIL SERVICE

EMPLOYEES ASSOCIATION, INC. FOR 2011-2016

Section 1. Subparagraphs 1, 2, 3 and 4 of paragraph a of subdivision 1 of *section 130 of the civil service law are REPEALED* and three new subparagraphs 1, 2 and 3 are added to read as follows:

[A> (1) EFFECTIVE APRIL FIRST, TWO THOUSAND TEN FOR OFFICERS AND EMPLOYEES ON THE ADMINISTRATIVE PAYROLL AND EFFECTIVE MARCH TWENTY-FIFTH, TWO THOUSAND TEN FOR OFFICERS AND EMPLOYEES ON THE INSTITUTIONAL PAYROLL: <A]

| A> SG | HR | STEP 1 | STEP 2 | STEP 3 | STEP 4 | STEP 5 | STEP 6 | JR | INCR |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 22041 | 22785 | 23529 | 24273 | 25017 | 25761 | 26505 | 27249 | 744 |
| 2 | 22883 | 23663 | 24443 | 25223 | 26003 | 26783 | 27563 | 28343 | 780 |
| 3 | 24025 | 24840 | 25655 | 26470 | 27285 | 28100 | 28915 | 29730 | 815 |
| 4 | 25074 | 25937 | 26800 | 27663 | 28526 | 29389 | 30252 | 31115 | 863 |
| 5 | 26274 | 27178 | 28082 | 28986 | 29890 | 30794 | 31698 | 32602 | 904 |
| 6 | 27744 | 28683 | 29622 | 30561 | 31500 | 32439 | 33378 | 34317 | 939 |
| 7 | 29278 | 30263 | 31248 | 32233 | 33218 | 34203 | 35188 | 36173 | 985 |
| 8 | 30928 | 31951 | 32974 | 33997 | 35020 | 36043 | 37066 | 38089 | 1023 |
| 9 | 32653 | 33722 | 34791 | 35860 | 36929 | 37998 | 39067 | 40136 | 1069 |
| 10 | 34521 | 35642 | 36763 | 37884 | 39005 | 40126 | 41247 | 42368 | 1121 |
| 11 | 36523 | 37700 | 38877 | 40054 | 41231 | 42408 | 43585 | 44762 | 1177 |
| 12 | 38612 | 39830 | 41048 | 42266 | 43484 | 44702 | 45920 | 47138 | 1218 |
| 13 | 40903 | 42177 | 43451 | 44725 | 45999 | 47273 | 48547 | 49821 | 1274 |
| 14 | 43270 | 44596 | 45922 | 47248 | 48574 | 49900 | 51226 | 52552 | 1326 |
| 15 | 45781 | 47163 | 48545 | 49927 | 51309 | 52691 | 54073 | 55455 | 1382 |
| 16 | 48346 | 49792 | 51238 | 52684 | 54130 | 55576 | 57022 | 58468 | 1446 |
| 17 | 51067 | 52595 | 54123 | 55651 | 57179 | 58707 | 60235 | 61763 | 1528 |
| 18 | 54018 | 55614 | 57210 | 58806 | 60402 | 61998 | 63594 | 65190 | 1596 |
| 19 | 56912 | 58587 | 60262 | 61937 | 63612 | 65287 | 66962 | 68637 | 1675 |
| 20 | 59889 | 61630 | 63371 | 65112 | 66853 | 68594 | 70335 | 72076 | 1741 |
| 21 | 63101 | 64924 | 66747 | 68570 | 70393 | 72216 | 74039 | 75862 | 1823 |
| 22 | 66484 | 68389 | 70294 | 72199 | 74104 | 76009 | 77914 | 79819 | 1905 |

2011 Bill Text NY S.B. 5846

```
23  70038 72026 74014 76002 77990 79978 81966 83954   1988
24  73850 75908 77966 80024 82082 84140 86198 88256   2058
25  77931 80080 82229 84378 86527 88676 90825 92974   2149 <A]
```

[A> (2) EFFECTIVE MARCH TWENTY-SEVEN, TWO THOUSAND FOURTEEN FOR OFFICERS AND EMPLOYEES ON THE ADMINISTRATIVE PAYROLL AND EFFECTIVE APRIL THREE, TWO THOUSAND FOURTEEN FOR OFFICERS AND EMPLOYEES ON THE INSTITUTIONAL PAYROLL: <A]

| [A> SG | HR | STEP 1 | STEP 2 | STEP 3 | STEP 4 | STEP 5 | STEP 6 | JR INCR |
|---|---|---|---|---|---|---|---|---|
| 1 | 22482 | 23241 | 24000 | 24759 | 25518 | 26277 | 27036 | 27795 | 759 |
| 2 | 23341 | 24137 | 24933 | 25729 | 26525 | 27321 | 28117 | 28913 | 796 |
| 3 | 24506 | 25337 | 26168 | 26999 | 27830 | 28661 | 29492 | 30323 | 831 |
| 4 | 25575 | 26455 | 27335 | 28215 | 29095 | 29975 | 30855 | 31735 | 880 |
| 5 | 26799 | 27721 | 28643 | 29565 | 30487 | 31409 | 32331 | 33253 | 922 |
| 5 | 28299 | 29257 | 30215 | 31173 | 32131 | 33089 | 34047 | 35005 | 958 |
| 7 | 29864 | 30869 | 31874 | 32879 | 33884 | 34889 | 35894 | 36899 | 1005 |
| 3 | 31547 | 32590 | 33633 | 34676 | 35719 | 36762 | 37805 | 38848 | 1043 |
| 9 | 33306 | 34396 | 35486 | 36576 | 37666 | 38756 | 39846 | 40936 | 1090 |
| 10 | 35211 | 36354 | 37497 | 38640 | 39783 | 40926 | 42069 | 43212 | 1143 |
| 11 | 37253 | 38454 | 39655 | 40856 | 42057 | 43258 | 44459 | 45660 | 1201 |
| 12 | 39384 | 40626 | 41868 | 43110 | 44352 | 45594 | 46836 | 48078 | 1242 |
| 13 | 41721 | 43020 | 44319 | 45618 | 46917 | 48216 | 49515 | 50814 | 1299 |
| 14 | 44135 | 45488 | 46841 | 48194 | 49547 | 50900 | 52253 | 53606 | 1353 |
| 15 | 46697 | 48107 | 49517 | 50927 | 52337 | 53747 | 55157 | 56567 | 1410 |
| 16 | 49313 | 50788 | 52263 | 53738 | 55213 | 56688 | 58163 | 59638 | 1475 |
| 17 | 52088 | 53647 | 55206 | 56765 | 58324 | 59883 | 61442 | 63001 | 1559 |
| 18 | 55098 | 56726 | 58354 | 59982 | 61610 | 63238 | 64866 | 66494 | 1628 |
| 19 | 58050 | 59759 | 61468 | 63177 | 64886 | 66595 | 68304 | 70013 | 1709 |
| 20 | 61087 | 62863 | 64639 | 66415 | 68191 | 69967 | 71743 | 73519 | 1776 |
| 21 | 64363 | 66222 | 68081 | 69940 | 71799 | 73658 | 75517 | 77376 | 1859 |
| 22 | 67814 | 69757 | 71700 | 73643 | 75586 | 77529 | 79472 | 81415 | 1943 |
| 23 | 71439 | 73467 | 75495 | 77523 | 79551 | 81579 | 83607 | 85635 | 2028 |
| 24 | 75327 | 77426 | 79525 | 81624 | 83723 | 85822 | 87921 | 90020 | 2099 |
| 25 | 79490 | 81682 | 83874 | 86066 | 88258 | 90450 | 92642 | 94834 | 2192 <A] |

[A> (3) EFFECTIVE MARCH TWENTY-SIX, TWO THOUSAND FIFTEEN FOR OFFICERS AND EMPLOYEES ON THE ADMINISTRATIVE PAYROLL AND EFFECTIVE APRIL TWO, TWO THOUSAND FIFTEEN FOR OFFICERS AND EMPLOYEES ON THE INSTITUTIONAL PAYROLL: <A]

| A> SG | HR | STEP 1 | STEP 2 | STEP 3 | STEP 4 | STEP 5 | STEP 6 | JR INCR |
|---|---|---|---|---|---|---|---|---|
| 1 | 22932 | 23706 | 24480 | 25254 | 26028 | 26802 | 27576 | 28350 | 774 |
| 2 | 23808 | 24620 | 25432 | 26244 | 27056 | 27868 | 28680 | 29492 | 812 |
| 3 | 24996 | 25844 | 26692 | 27540 | 28388 | 29236 | 30084 | 30932 | 848 |
| 4 | 26087 | 26985 | 27883 | 28781 | 29679 | 30577 | 31475 | 32373 | 898 |
| 5 | 27335 | 28275 | 29215 | 30155 | 31095 | 32035 | 32975 | 33915 | 940 |
| 6 | 28865 | 29842 | 30819 | 31796 | 32773 | 33750 | 34727 | 35704 | 977 |
| 7 | 30461 | 31486 | 32511 | 33536 | 34561 | 35586 | 36611 | 37636 | 1025 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 3 | 32178 | 33242 | 34306 | 35370 | 36434 | 37498 | 38562 | 39626 | 1064 |
| 9 | 33972 | 35084 | 36196 | 37308 | 38420 | 39532 | 40644 | 41756 | 1112 |
| 10 | 35915 | 37081 | 38247 | 39413 | 40579 | 41745 | 42911 | 44077 | 1166 |
| 11 | 37998 | 39223 | 40448 | 41673 | 42898 | 44123 | 45348 | 46573 | 1225 |
| 12 | 40172 | 41439 | 42706 | 43973 | 45240 | 46507 | 47774 | 49041 | 1267 |
| 13 | 42555 | 43880 | 45205 | 46530 | 47855 | 49180 | 50505 | 51830 | 1325 |
| 14 | 45018 | 46398 | 47778 | 49158 | 50538 | 51918 | 53298 | 54678 | 1380 |
| 15 | 47631 | 49069 | 50507 | 51945 | 53383 | 54821 | 56259 | 57697 | 1438 |
| 16 | 50299 | 51804 | 53309 | 54814 | 56319 | 57824 | 59329 | 60834 | 1505 |
| 17 | 53130 | 54720 | 56310 | 57900 | 59490 | 61080 | 62670 | 64260 | 1590 |
| 18 | 56200 | 57861 | 59522 | 61183 | 62844 | 64505 | 66166 | 67827 | 1661 |
| 19 | 59211 | 60954 | 62697 | 64440 | 66183 | 67926 | 69669 | 71412 | 1743 |
| 20 | 62309 | 64120 | 65931 | 67742 | 69553 | 71364 | 73175 | 74986 | 1811 |
| 21 | 65650 | 67546 | 69442 | 71338 | 73234 | 75130 | 77026 | 78922 | 1896 |
| 22 | 69170 | 71152 | 73134 | 75116 | 77098 | 79080 | 81062 | 83044 | 1982 |
| 23 | 72868 | 74937 | 77006 | 79075 | 81144 | 83213 | 85282 | 87351 | 2069 |
| 24 | 76834 | 78975 | 81116 | 83257 | 85398 | 87539 | 89680 | 91821 | 2141 |
| 25 | 81080 | 83316 | 85552 | 87788 | 90024 | 92260 | 94496 | 96732 | 2236 <A] |

Section 2. Subdivision 8 of *section 167 of the civil service law, as added* by chapter 442 of the laws of 1999, s amended to read as follows:

8. Notwithstanding any inconsistent provision of law, where and to the extent that an agreement between the state and an employee organization entered into pursuant to article fourteen of this chapter so provides, the state cost of premium or subscription charges for eligible employees covered by such agreement may be [D> increased <D] [A> MODIFIED <A] pursuant to the terms of such agreement [D> and for a duration provided by such agreement and pursuant to rules and regulations as may be established by the president. Such increase in state cost shall only apply during the period of eligibility provided by such agreement and shall not be applied during retirement <D] . [A> THE PRESIDENT, WITH THE APPROVAL OF THE DIRECTOR OF THE BUDGET, MAY EXTEND THE MODIFIED STATE COST OF PREMIUM OR SUBSCRIPTION CHARGES FOR EMPLOYEES OR RETIREES NOT SUBJECT TO AN AGREEMENT REFERENCED ABOVE AND SHALL PROMULGATE THE NECESSARY RULES OR REGULATIONS TO IMPLEMENT THIS PROVISION. <A]

Section 3. Subdivision 2 of *section 208 of the civil service law, as amended* by section 3 of part A of chapter 10 of the laws of 2008, is amended to read as follows:

2. An employee organization certified or recognized pursuant to this article shall be entitled to unchallenged representation status until seven months prior to the expiration of a written agreement between the public employer and said employee organization determining terms and conditions of employment. For the purposes of this subdivision, (a) any such agreement for a term covering other than the fiscal year of the public employer shall be deemed to expire with the fiscal year ending immediately prior to the termination date of such agreement, (b) any such agreement having a term in excess of three years shall be treated as an agreement for a term of three years, provided, however, any such agreement between the state and an employee organization representing employees in the executive or judicial branches which commences in the calendar year two thousand [D> seven <D] [A> ELEVEN <A] having a term in excess of three years shall be treated as an agreement for a term certain specified in such agreement but in no event for a term greater than four years, [A> AND <A] (c) extensions of any such agreement shall not extend the period of unchallenged representation status [D> , and (d) notwithstanding any provision of law to the contrary, the interest arbitration award issued pursuant to the provisions of paragraph (e) of subdivision four of section two hundred nine of this article binding the executive branch of the state of New York and the employee organization which represents the collective negotiating unit consisting of troopers and the unit consisting of commissioned and

non-commissioned officers in the division of state police, covering a period commencing April first, nineteen hundred ninety-nine, shall be treated as a written agreement for the term specified in such award solely for the representation purposes of this section <D> .

Section 4. Paragraph (e) of subdivision 3 of *section 130 of the civil service law, as amended* by section 4 of par A of chapter 10 of the laws of 2008, is amended to read as follows:

(e) [D> (i) Prior to April first, two thousand ten, and notwithstanding any inconsistent provision of law, officers and employees to whom paragraph a of subdivision one of this section applies who, on or after April first, nineteen hundred eighty-seven, on their anniversary date have five or more years of continuous service as defined by paragraph (c) of this subdivision at a basic annual salary rate equal to or in excess of the job rate or maximum salary of their salary grade, but below the first longevity step and whose performance for the most recent rating period was rated at least "satisfactory" or its equivalent, shall have their basic annual salary increased to the first longevity step or shall have their basic annual salary as otherwise effective increased by seven hundred fifty dollars, or by eight hundred seventy-five dollars on or after April first, two thousand seven; or by one thousand dollars on or after April first, two thousand eight; or by one thousand one hundred twenty-five dollars on or after April first, two thousand nine or as much of that amount as will not result in the new basic annual salary exceeding the step two longevity step. Notwithstanding any inconsistent provision of law, officers and employees to whom paragraph a of subdivision one of this section apply who, on or after April first, nineteen hundred eighty-seven, on their anniversary date have ten or more years of continuous service as defined by paragraph (c) of this subdivision at a basic annual salary rate equal to or in excess of the job rate or maximum salary of their salary grade, but below the second longevity step and whose performance for the most recent rating period was rated at least "satisfactory" or its equivalent, shall have their basic annual salary increased to the second longevity step as found in paragraph a of subdivision one of this section. Such increases to longevity steps by eligible officers or employees shall become effective on the first day of the payroll period which next begins following the anniversary date which satisfies the prescribed service requirements. For the purposes of this paragraph the term continuous service as defined by paragraph (c) of this subdivision for employees in the division of military and naval affairs unit shall refer to uninterrupted service in the civilian service of the division of military and naval affairs. <D]

[D> (ii) Officers <D] [A> WHERE, AND TO THE EXTENT THAT, AN AGREEMENT BETWEEN THE STATE AND AN EMPLOYEE ORGANIZATION ENTERED INTO PURSUANT TO ARTICLE FOURTEEN OF THIS CHAPTER ON BEHALF OF OFFICERS AND EMPLOYEES SERVING IN POSITIONS IN THE ADMINISTRATIVE SERVICES UNIT, INSTITUTIONAL SERVICES UNIT, OPERATIONAL SERVICES UNIT OR MILITARY AND NAVAL AFFAIRS UNIT SO PROVIDES OFFICERS <A] and employees to whom paragraph a of subdivision one of this section applies who, on or after April first, two thousand [D> ten <D] [A> ELEVEN <A] , on their anniversary date have five or more years [A> , BUT LESS THAN TEN YEARS, <A] of continuous service as defined by paragraph (c) of this subdivision at a basic annual salary rate equal to or in excess of the job rate or maximum salary of their salary grade, shall receive a lump sum payment in the amount of one thousand two hundred fifty dollars. [D> Officers <D] [A> WHERE, AND TO THE EXTENT THAT, AN AGREEMENT BETWEEN THE STATE AND AN EMPLOYEE ORGANIZATION ENTERED INTO PURSUANT TO ARTICLE FOURTEEN OF THIS CHAPTER ON BEHALF OF OFFICERS AND EMPLOYEES SERVING IN POSITIONS IN THE ADMINISTRATIVE SERVICES UNIT, INSTITUTIONAL SERVICES UNIT, OPERATIONAL SERVICES UNIT OR MILITARY AND NAVAL AFFAIRS UNIT SO PROVIDES OFFICERS <A] and employees to whom paragraph a of subdivision one of this section applies who, on or after April first, two thousand [D> ten <D] [A> ELEVEN <A] , on their anniversary date have ten or more years of continuous service as defined by paragraph (c) of this subdivision at a basic annual salary rate equal to or in excess of the job rate or maximum salary of their salary grade shall receive a lump sum payment in the amount of two thousand five hundred dollars.

S ich lump sum payment shall be in addition to and not part of the employee's basic annual salary, provided however that any amount payable by this paragraph shall be included as compensation for overtime and r tirement purposes.

S ich lump sum payment shall be payable in April of each fiscal year, or as soon as practicable thereafter, for th se eligible employees who have achieved five or more, or ten or more years of continuous service as defin d by paragraph (c) of this subdivision at a basic annual salary rate equal to or in excess of the job rate or ma ximum salary of their salary grade during the period October first through March thirty-first of the previous fiscal year. Such payment shall be payable in October of each fiscal year, or as soon as practicable thereafte , for those eligible employees who have achieved five or more, or ten or more years of continuous service a; defined by paragraph (c) of this subdivision at a basic annual salary rate equal to or in excess of the job ra e or maximum salary of their salary grade during the period April first through September thirtieth of that s me fiscal year. [D> All compensation already included in an employee's basic annual salary pursuant to sut paragraph (i) of this paragraph shall remain included in such basic annual salary. <D]

S ction 5. Subdivision 12-d of *section 8 of the state finance law, as amended* by section 5 of part A of chapte r 10 of the laws of 2008, is amended to read as follows:

1:.-d. Notwithstanding any inconsistent provision of the court of claims act, examine, audit and certify for pa yment any claim submitted and approved by the head of a state department or agency, other than a departm :nt or agency specified in subdivision twelve of this section, for personal property of an employee dama ;ed or destroyed in the course of the performance of official duties without fault on his part by an inmate, patient or client of such department or agency after March thirty-first, two thousand [D> seven <D] [A> E LEVEN <A] and prior to April first, two thousand [D> eleven <D] [A> SIXTEEN <A] , provided no such c laim may be certified for payment to an officer or employee who is in a collective negotiating unit until the director of employee relations shall deliver to the comptroller a [D> certificate <D] [A> LETTER <A] that th ere is in effect with respect to such negotiating unit a written collectively negotiated agreement with the st te pursuant to article fourteen of the civil service law which provides therefor. Payment of any such claim shall not exceed the sum of three hundred dollars. No person submitting a claim under this subdivision shall I ave any claim for damages to such personal property approved pursuant to the provision of subdivision four of section five hundred thirty of the labor law or any other applicable provision of law.

S ction 6. Subdivision 12-e of *section 8 of the state finance law, as amended* by section 6 of part A of chapte r 10 of the laws of 2008, is amended to read as follows:

1:-e. Notwithstanding any inconsistent provision of the court of claims act, where, and to the extent that, an agr ement between the state and an employee organization entered into pursuant to article fourteen of the civil s ervice law on behalf of officers and employees serving in positions in the professional, scientific and techni :al services unit, administrative services unit, institutional services unit, operational services [A> UNIT OR <A] and military and naval affairs unit so provides, examine, audit and certify for payment any claim submitted and approved by the head of a state department or agency for personal property of an officer or employee damaged or destroyed in the actual performance of official duties without fault or negligence of the of icer or employee other than a claim specified and covered by subdivision twelve or twelve-d of this section after March thirty-first, two thousand [D> seven <D] [A> ELEVEN <A] and before April first, two thousa nd [D> eleven <D] [A> SIXTEEN <A] . Payment of such claim shall not exceed the sum of three hundred fifty dollars. Where an agreement between the state and such employee organization entered into pursua nt to article fourteen of the civil service law provides for payment to be made to officers and employee s by a state department or agency, such payments for claims not in excess of the amount specified in subdivision three of section one hundred fifteen of this chapter may be made from a petty cash account established pursuant to section one hundred fifteen of this chapter and in the manner prescribed therein and pursua nt to regulations of the comptroller. No person submitting a claim under this subdivision shall have any cl im for damages to such personal property approved pursuant to the provisions of subdivision four of section five hundred thirty of the labor law or any other applicable provision of law.

Section 7. *Section 200 of the state finance law is amended* by adding a new subdivision 5 to read as follows:

[A> 5. NOTWITHSTANDING ANY LAW TO THE CONTRARY, BY AGREEMENT BETWEEN THE STATE AND AN EMPLOYEE ORGANIZATION ENTERED INTO PURSUANT TO ARTICLE FOURTEEN OF THE CIVIL SERVICE LAW, OR BY AN INTEREST ARBITRATION AWARD BINDING THE STATE AND AN EMPLOYEE ORGANIZATION PURSUANT TO ARTICLE FOURTEEN OF THE CIVIL SERVICE LAW, OR BY THE DIRECTOR OF BUDGET FOR STATE OFFICERS AND EMPLOYEES IN THE EXECUTIVE BRANCH WHO ARE IN POSITIONS WHICH ARE NOT IN COLLECTIVE NEGOTIATING UNITS, PLANS MAY BE ESTABLISHED TO REDUCE THE BASIC ANNUAL SALARY, HOURLY RATE OR PER DIEM FOR ANY EMPLOYEE WITHIN THE PURVIEW OF SUCH AGREEMENT, INTEREST ARBITRATION AWARD, OR THE BUDGET DIRECTOR'S AUTHORITY. ANY PLAN OR PLANS ESTABLISHED UNDER THIS SECTION WILL BE IMPLEMENTED WHEN THE BUDGET DIRECTOR NOTIFIES THE DIRECTOR OF THE GOVERNOR'S OFFICE OF EMPLOYEE RELATIONS AND DELIVERS SUCH PLAN OR PLANS TO THE COMPTROLLER, AT WHICH POINT THE COMPTROLLER WILL TAKE THE NECESSARY ACTIONS TO REDUCE, RESTORE, OR REPAY COMPENSATION, PROVIDED HOWEVER, THAT THE COMPTROLLER MUST TAKE SUCH ACTIONS WHOLLY WITHIN THE FISCAL YEAR THAT SUCH PLAN REQUIRES. AFTER THE CESSATION OF SUCH PLAN, THE COMPTROLLER SHALL RESTORE SUCH SALARY, HOURLY RATE OR PER DIEM TO THE AMOUNT IN EFFECT IMMEDIATELY BEFORE THE COMMENCEMENT OF SUCH PLAN. <A]

Section 8. Subdivision 1 of *section 135 of the civil service law is amended* adding a new paragraph (d) to read as follows:

[A> (D) PAYMENTS MADE PURSUANT TO A COLLECTIVE BARGAINING AGREEMENT NEGOTIATED PURSUANT TO ARTICLE FOURTEEN OF THIS CHAPTER OR REGULATIONS PROMULGATED BY THE PRESIDENT PURSUANT TO SUBDIVISION THREE OF SECTION ONE HUNDRED SIXTY-THREE OF THIS CHAPTER PERMITTING PAYMENT TO AN EMPLOYEE OR OFFICER IN EXCHANGE FOR THE EMPLOYEE'S ELECTION TO WITHDRAW FROM THE HEALTH INSURANCE PLAN ESTABLISHED PURSUANT TO ARTICLE ELEVEN OF THIS CHAPTER. SUCH PAYMENTS SHALL NOT BE CONSIDERED PART OF AN EMPLOYEE'S BASIC ANNUAL SALARY AND SHALL NOT BE CONSIDERED COMPENSATION FOR THE PURPOSES OF OVERTIME CALCULATION OR RETIREMENT. <A]

Section 9. Compensation for certain state officers and employees in collective negotiating units. 1. The provisions of this section shall apply, except as otherwise stated in this section, to all full-time officers and employees in the collective negotiating units designated as the administrative services unit, the institutional services unit, the operational services unit, or the division of military and naval affairs unit established pursuant to article 14 of the civil service law.

2. (a) Effective March 28, 2013 for officers and employees on the administrative payroll and effective April 4, 2013 for officers and employees on the institutional payroll pursuant to article 14 of the civil service law a lump sum payment of $ 775 shall be made to each employee in such units in full-time annual salaried employment status who was (i) active on the date of ratification of the agreement between the state and the negotiating unit covering such employee and (ii) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until March 28, 2013 for officers and employees on the administrative payroll and on April 4, 2013 for officers and employees on the institutional payroll. Such lump sum shall be considered salary for final average salary retirement purposes but shall not become part of basic annual salary. Notwithstanding the foregoing provisions of this subdivision, officers and employees who would have otherwise been eligible to receive such lump sum payment, but who were not on the payroll on such date, shall be eligible for said payment if they return to full-time employment status during the fiscal year 2013-2014 without a break in continuous service.

(1) Effective March 27, 2014 for officers and employees on the administrative payroll and effective April 3, 2014 for officers and employees on the institutional payroll pursuant to article 14 of the civil service law a lump sum payment of $ 225 shall be made to each employee in such units in full-time annual salaried employment status who was (i) active on the date of ratification of the agreement between the state and the negotiating unit covering such employee and (ii) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until March 28, 2013 for officers and employees on the administrative payroll and April 4, 2013 for officers and employees on the institutional payroll. Such lump sum shall be considered salary for final average salary retirement purposes but shall not become part of basic annual salary.

3. Effective March 27, 2014 for officers and employees on the administrative payroll and effective April 3, 2014 for officers and employees on the institutional payroll, the basic annual salary of officers and employees in full-time annual salaried employment status on the day before such payroll period shall be increased by two percent adjusted to the nearest whole dollar amount.

4. Effective March 26, 2015 for officers and employees on the administrative payroll and effective April 2, 2015 for officers and employees on the institutional payroll, the basic annual salary of officers and employees in full-time annual salaried employment status on the day before such payroll period shall be increased by two percent adjusted to the nearest whole dollar amount.

5. Notwithstanding the provisions of subdivisions three and four of this section, if the basic annual salary of an officer or employee to whom the provisions of this section apply is identical with the hiring rate, step one, two, three, four, five, six or job rate of the salary grade of his or her position on the effective dates of the increases provided in these subdivisions, such basic annual salary shall be increased to the hiring rate, step one, two, three, four, five, six or job rate, respectively, of such salary grade as contained in the appropriate salary schedules in subparagraphs 2 and 3 of paragraph a of subdivision 1 of *section 130 of the civil service law, as added* by section one of this act, to take effect on the dates provided in subparagraphs 2 and 3, respectively. The increases in basic annual salary provided by this subdivision shall be in lieu of any increase in basic annual salary provided for in subdivisions three and four of this section.

6. Payments pursuant to the provisions of subdivision 6 of section 131 of the civil service law for full-time annual salaried officers and employees entitled to such payments to whom the provisions of this section apply shall be payable in accordance with the terms of an agreement reached pursuant to article 14 of the civil service law between the state and an employee organization representing employees subject to the provisions of this section.

7. If an unencumbered position is one which if encumbered, would be subject to the provisions of this section, the salary of such position shall be increased by the salary increase amounts specified in this section. If a position is created, and filled by the appointment of an officer or employee who is subject to the provisions of this section, the salary otherwise provided for such position shall be increased in the same manner as though such position had been in existence but unencumbered.

8. The increases in salary provided in subdivisions three and four of this section, and also the payments provided in subdivision two of this section, shall apply on a prorated basis to officers and employees, otherwise eligible to receive an increase in salary, who are paid on an hourly or per diem basis, employees serving on a part-time or seasonal basis and employees paid on any basis other than at an annual salary rate. Notwithstanding the foregoing, the provisions of subdivision six of this section shall not apply to employees serving on an hourly, per diem, or seasonal basis, except as determined by the director of the budget.

9. In order to provide for the officers and employees to whom this section applies who are not allocated to salary grades, but are paid on an annual basis, increases and payments pursuant to subdivision six of this section in proportion to those provided to persons to whom this section applies who are allocated to salary grades, the director of the budget is authorized to add appropriate adjustments and/or payments to the compensation which such officers and employees are otherwise entitled to receive. The director of the budget

shall issue certificates which shall contain schedules of positions and the salaries and/or payments thereof for which adjustments and/or payments are made pursuant to the provisions of this subdivision, and a copy of each such certificate shall be filed with the state comptroller, the state department of civil service, the chairman of the senate finance committee and the chairman of the assembly ways and means committee.

10. Notwithstanding any other provision of this section, the provisions of this section shall not apply to offices or employees paid on a fee schedule basis.

1. Notwithstanding any other provision of this section, any increase in compensation for any officer or employee appointed to a lower graded position from a redeployment list pursuant to subdivision 1 of section 79 of the civil service law who continues to receive his or her former salary pursuant to such subdivision shall be determined on the basis of such lower graded position provided, however, that the increases in salary provided in this section shall not cause such officer's or employee's salary to exceed the job rate of such lower graded position.

12. Notwithstanding any of the foregoing provisions of this section or of any law to the contrary, the director of the budget may reduce the salary of any position which is vacant or which becomes vacant, so long as the position, if encumbered, would be subject to the provisions of this section. The director of the budget does not need to provide a reason for such reduction.

13. Notwithstanding any of the foregoing provisions of this section or of any law to the contrary, any increase in compensation may be withheld in whole or in part from any employee to whom the provisions of this section are applicable when, in the opinion of the director of the budget and the director of employee relations, such increase is not warranted or is not appropriate for any reason.

Section 10. Compensation for certain employees of the contract colleges at Cornell and Alfred universities. 1 During the period April 1, 2011 to March 31, 2016, the basic annual salaries of positions in the nonprofessional service, except those positions in the Cornell service and maintenance unit which are subject to the terms of a collective bargaining agreement between Cornell University and the employee organization representing employees in such positions and except those positions in the Alfred service and maintenance unit which are subject to the terms of a collective bargaining agreement between Alfred University and the employee organization representing employees in such positions, in institutions under the management and control of Cornell and Alfred universities as representatives of the board of trustees of the state university may be increased pursuant to plans approved by the state university trustees. Such plans may include new salary schedules which shall supersede the salary schedules then in effect applicable to such employees. Such increases in basic annual salary rates, exclusive of performance advancement payments or merit recognition payments, shall not exceed in the aggregate the payments provided in subdivisions two, three, and four of section nine of this act, for incumbents of positions subject to this subdivision. Such plans may provide, within the appropriations available therefor, an amount for distribution in whole or in part for meritorious service by Cornell and Alfred universities, in their discretion, with the approval of the state university trustees to the incumbents of such positions.

2. For the purposes of this section, the basic annual salary of employees is that salary which is obtained through direct appropriation of state moneys for the purpose of paying wages. Nothing in this section shall prevent payment of additional amounts to incumbents of such positions in the nonprofessional service in addition to the basic annual salary; provided, however, that the amounts required for such additional payment, and the cost of fringe benefits attributable to such payment, as determined by the comptroller, are made available to the state in accordance with the procedures established by the state university for such purposes.

3. Notwithstanding the foregoing provisions of this section, any increase in compensation provided by this section may be withheld in whole or in part from any officer or employee when, in the opinion of the director of the budget, such withholding is necessary to reflect the job performance of such officer or employee, or to maintain appropriate salary relationships among officers or employees of the state, or to reduce

state expenditures to acceptable levels, or when such increase is not warranted or is not appropriate for any reason and the salary of such officer or employee is set at the discretion of the appointing authority.

4. Notwithstanding the foregoing provisions of this subdivision or act or any other provision of law, rule or regulation to the contrary, the contract colleges at Cornell and Alfred universities are authorized to provide for a procedure for the repayment of salaries withheld from incumbents of positions subject to this subdivision as described in subdivision one of this section, pursuant to subdivision 2-a of section 200 of the state finance law in lieu of the lump sum payment authorized by subparagraph 3 of paragraph (a) of subdivision 2-a of section 200 of the state finance law, subject to the approval of the state university trustees. Further, Cornell and Alfred universities are authorized to provide that the salary of employees newly hired on or after September 1, 1992 shall not be subject to the provisions of subdivision 2-a of section 200 of the state finance law.

Section 11. Location compensation for certain state officers and employees in collective negotiating units. Notwithstanding any inconsistent provisions of law, full-time annual salaried officers and employees, as well as non-annual salaried seasonal officers and employees who shall receive the compensation provided for pursuant to this section on a prorated basis, except non-annual salaried officers and employees who are not seasonal, in the collective negotiating units designated as the administrative services unit, the institutional services unit, the operational services unit, or the division of military and naval affairs unit established pursuant to article 14 of the civil service law, whose principal place of employment or, in the case of a field employee, whose official station as determined in accordance with the regulations of the comptroller is located (1) in the county of Monroe and who were eligible to receive location pay on March 31, 1985, shall receive location pay at the rate of $ 200 per year provided they continue to be otherwise eligible or (2) in the city of New York, or in the county of Rockland, Westchester, Nassau or Suffolk shall, effective April 1, 2011, continue to receive a downstate adjustment at the annual rate of $ 3,026 (3) in the county of Dutchess, Putnam or Orange shall, effective April 1, 2011, continue to receive a mid-Hudson adjustment at the annual rate of $ 1,513 Such location payments shall be in addition to and shall not be a part of an officer's or employee's basic annual salary, and shall not affect or impair any performance advancements or other rights or benefits to which an officer or employee may be entitled by law, provided, however, that location payments shall be included as compensation for purposes of computation of overtime pay and for retirement purposes. For the sole purpose of continuing eligibility for location pay in Monroe county, an officer or employee previously eligible to receive location pay on March 31, 1985 who is on an approved leave of absence or participates in an employer program to reduce to part-time service during summer months shall continue to be eligible for said location pay upon return to fulltime state service in Monroe county.

Section 12. Continuation of location compensation for certain officers and employees of the Hudson Valley developmental disabilities services office. 1. Notwithstanding any law, rule or regulation to the contrary, any officer or employee of the Hudson Valley developmental disabilities services office represented in the collective negotiating units designated as the administrative services unit, the institutional services unit or the operational services unit, who is receiving location pay pursuant to section 5 of chapter 174 of the laws of 1993 shall continue to receive such location pay under the conditions and at the rates specified by such section.

2. Notwithstanding any law, rule or regulation to the contrary, any officer or employee of the Hudson Valley developmental disabilities services office represented in the collective negotiating units designated as the administrative services unit, the institutional services negotiating unit or the operational services negotiating unit, who is receiving location pay pursuant to subdivision 2 of section 9 of chapter 315 of the laws of 1995 shall continue to receive such location pay under the conditions and at the rates specified by such subdivision.

3. Notwithstanding section eleven of this act or any other law, rule or regulation to the contrary, any officer or employee of the Hudson Valley developmental disabilities services office represented in the collective negotiating units designated as the administrative services unit, the institutional services unit or the op-

eratio1al services unit, who is receiving location pay pursuant to such section eleven shall continue to be eligible 'or such location pay if such officer's or employee's principal place of employment is changed to a location outside of the county of Rockland as the result of a reduction or redeployment of staff, provided, however, that such officer or employee is reassigned to or otherwise appointed or promoted to a different position at another work location within the Hudson Valley developmental disabilities services office located outside of the county of Rockland. The rate of such continued location pay shall not exceed the rates such office · or employee is receiving on the date of such reassignment, appointment or promotion.

Section 13. Notwithstanding any law, rule or regulation to the contrary, certain full-time employees of the office for people with developmental disabilities in the collective negotiating unit designated as the institutional services unit who are required to sleep over at their work site shall continue to receive inconvenience pay pursuant to section 17 of chapter 333 of the laws of 1969 as amended, in accordance with and subject to the conditions established by the terms of a negotiated agreement between the state and an employee organization representing such unit and the resolution of a contract grievance bearing identification number 98-04 448.

Section 14. Additional compensation for certain employees in recognition of pre-shift briefing. 1. In recognition of the general requirement for full-time employees of the state in the collective negotiating unit designated as the division of military and naval affairs unit, established pursuant to article 14 of the civil service law, to assemble for briefing prior to the commencement of duties, each such employee shall receive additional compensation at the rate of $ 60 per biweekly payroll period in accordance with the terms of a collective negotiated agreement between the state and an employee organization representing such employees pursuant to article 14 of the civil service law. Such additional compensation shall be paid in addition to and shall not be a part of the employee's basic annual salary. Notwithstanding the foregoing provisions of this section, or of any other law, such additional compensation as added by this section shall be in lieu of the continuation of any other additional compensation for such employees paid prior to June 2, 1988, in recognition o 'pre-shift briefing.

2. Notwithstanding any inconsistent provisions of law, effective April 1, 2011, where and to the extent that, a1 agreement between the state and an employee organization entered into pursuant to article 14 of the civil service law so provides, in recognition of the general requirement that certain full-time employees of the state i1 the collective negotiating unit designated as the institutional services unit, established pursuant to article 14 of the civil service law, in the employ of the office of children and family services, to assemble for briefir g prior to the commencement of duties, each such employee shall receive additional compensation in the an ount of $ 4.80, or one-quarter hour of their overtime rate, whichever is higher, when they are required to and actually assemble for such briefing. Such additional compensation shall be paid in addition to and shall r ot be a part of the employee's basic annual salary.

Section 15. Assignment to duty pay. Notwithstanding any inconsistent provisions of law, effective April 1, 2011, where and to the extent that, an agreement between the state and an employee organization entered into pursuant to article 14 of the civil service law so provides, an assignment to duty lump sum shall be paid each year to an employee who is serving in a particular assignment deemed qualified pursuant to such agreement. Such payment shall be in an amount negotiated for those employees assigned to qualifying work assignments and who work such assignments for the minimum periods of time in a year provided in the negotiated agreement. Assignment to duty pay shall not be paid in any year an employee does not meet the minimum period of time in such qualifying assignment required by the agreement or upon cessation of the assignment to duty program on March 30, 2016 unless an extension is negotiated by the parties. Such lump sum shall be considered salary only for final average salary retirement purposes.

Section 16. Long term seasonal employees. Notwithstanding any inconsistent provisions of law, effective April , 2011, where and to the extent that, an agreement between the state and an employee organization entered into pursuant to article 14 of the civil service law so provides, a lump sum shall be paid each year to an employee who is serving in a qualifying long term seasonal position. Such payment shall be in an amount

2011 Bill Text NY S.B. 5846

negotiated and pursuant to negotiated qualifying criteria and shall be considered salary only for final average salary retirement purposes. Such benefit shall be available until March 30, 2016.

Section 17. In recognition of the specific requirements for winter maintenance activity for full-time employees of the state department of transportation in the collective negotiating unit designated as the operational services unit, established pursuant to article 14 of the civil service law, and to the extent the terms of a negotiated agreement between the state and an employee organization representing such unit entered into pursuant to article 14 of the civil service law so provides, such employees shall receive payments for winter maintenance shifts and call-out responses if otherwise eligible and in accordance with such negotiated agreement.

Section 18. Subdivision 2 of section 17 of chapter 333 of the laws of 1969 amending the civil service law and other laws relating to salary increases for certain state officers and employees, as amended by chapter 214 of the laws of 2009, is amended to read as follows:

2. Any employee subject to this section who is required to work a tour of duty which includes four or more hours between the hours of six p.m. and six a.m., exclusive of any hours for which he or she receives overtime compensation, shall be entitled to inconvenience pay for such tour of duty in an amount equal to the daily rate equivalent of four hundred dollars per year, unless a higher daily rate is authorized under the terms of a collective negotiated agreement between the state and an employee organization pursuant to article 14 of the civil service law, or is authorized by the director of the budget for employees excluded from negotiating rights under article 14 of the civil service law, in which case such daily rate may be up to five hundred seventy-five dollars per year, [A> SHALL CONTINUE <A] effective April 2, [D> 2007 <D] [A> 2011 <A] . The provisions of this subdivision shall apply on a prorated basis to officers and employees serving on a seasonal basis in the collective negotiating units designated as the administrative services unit, the institutional services unit, the operational services unit, and the division of military and naval affairs unit, and officers and employees excluded from collective negotiating units established pursuant to article 14 of the civil service law.

Section 19. Notwithstanding any inconsistent provision of law, where and to the extent that any agreement between the state and an employee organization entered into pursuant to article 14 of the civil service law so provides on behalf of employees in the collective negotiating units designated as the administrative, institutional, operational services negotiating units or the military and naval affairs negotiating unit established pursuant to article 14 of the civil service law, the state shall contribute an amount designated in such agreement and for the period covered by such agreement to the accounts of such employees enrolled for dependent care deductions pursuant to subdivision 7 of section 201-a of the state finance law. Such amounts shall be from funds appropriated in this act and shall not be part of basic annual salary for overtime or retirement purposes.

Section 20. Notwithstanding any provision of law to the contrary, the appropriations contained in this act shall be available to the state for the payment and publication of grievance and arbitration settlements and awards pursuant to articles 33 and 34 of the collective negotiating agreement between the state and the employee organization representing the collective negotiating units designated as the administrative services unit, the institutional services unit, the operational services unit or the division of military and naval affairs unit established pursuant to article 14 of the civil service law.

Section 21. During the period April 2, 2011 through April 1, 2016, there shall be a statewide labor-management committee continued and administered pursuant to the terms of the agreement negotiated between the state and an employee organization representing employees in the collective negotiating units designated as the administrative services unit, the institutional services unit, the operational services unit or the division of military and naval affairs unit established pursuant to article 14 of the civil service law which shall, after April 2, 2011, have the responsibility of studying and making recommendations concerning the major issues of productivity, the quality of work life and implementing the agreements reached.

Section 22. The salary increases, salary deductions, salary reductions, benefit modifications, and any other modifications to terms and conditions of employment provided for by this act for state employees in the collective negotiating units designated as the administrative services unit, the institutional services unit, the operational services unit or the division of military and naval affairs unit established pursuant to article 14 of the civil service law shall not be implemented until the director of employee relations shall have delivered to the director of the budget and the comptroller a letter certifying that there is in effect with respect to such negotiating units collectively negotiated agreements, ratified by the membership, which provide for such increases, deductions, reductions and modifications.

Section 23. Use of appropriations. The comptroller is authorized to pay any amounts required during the fiscal years commencing April 1, 2011 by the foregoing provisions of this act for any state department or agency from any appropriation or other funds available to such state department or agency for personal service or for other related employee benefits during such fiscal year. To the extent that such appropriations in any fund are insufficient to accomplish the purposes herein set forth, the director of the budget is authorized to allocate to the various departments and agencies, from any appropriations available in any fund, the amounts necessary to pay such amounts.

Section 24. Effect of participation in special annuity program. No officer or employee participating in a special annuity program pursuant to the provisions of article 8-C of the education law shall, by reason of an increase in compensation pursuant to this act, suffer any reduction of the salary adjustment to which he or she would otherwise be entitled by reason of participation in such program, and such salary adjustment shall be based upon the salary of such officer or employee without regard to the reduction authorized by such article.

Section 25. The several amounts as hereinafter set forth, or so much thereof as may be necessary, are hereby appropriated from the fund so designated for use by any state department or agency for the fiscal year beginning April 1, 2011 to supplement appropriations from each respective fund available for personal service, other than personal service and fringe benefits, and to carry out the provisions of this act. No money shall be available for expenditure from this appropriation until a certificate of approval has been issued by the director of the budget and a copy of such certificate or any amendment thereto has been filed with the state comptroller, the chair of the senate finance committee and the chair of the assembly ways and means committee.

ALL STATE DEPARTMENTS AND AGENCIES SPECIAL PAY BILLS

General Fund / State Operations State Purposes Account 003

Nonpersonal Service

Joint committee on health benefits ............ 1,331,000
Employee training and development ............ 10,714,000
Safety and health maintenance committee ........ 637,000
Employment security committee ................... 525,000
Family Benefits Committee .................... 2,582,000
Discipline ...................................... 381,000
Employee assistance program ................... 648,000
Statewide performance rating committee ........... 41,000
Property damage ................................. 32,000
Work related clothing (operational services
   unit) ...................................... 1,071,000
Tool allowance (operational services unit) ....... 77,000
Tool insurance (operational services unit) ....... 26,000
Uniform allowance (institutional services

```
    unit) ......................................... 430,000
Work    related    clothing    (institutional
    services unit) ................................. 80,000
Contract Administration ......................... 400,000
```

Section 26. This act shall take effect immediately and shall be deemed to have been in full force and effect on and after April 2, 2011. Appropriations made by this act shall remain in full force and effect for liabilities incurred through March 31, 2012.

REPEAL NOTE.--Subparagraphs 1, 2, 3, and 4 of paragraph a of subdivision 1 of *section 130 of the civil service law, repealed* by section one of this act, provided salary schedules for state employees in the administrative services unit, the operational services unit, the institutional services unit and the division of military and naval affairs and are replaced by revised salary schedules in new subparagraphs 1, 2, and 3.

PART B

SALARIES AND BENEFITS FOR CERTAIN STATE

OFFICERS AND EMPLOYEES EXCLUDED FROM

COLLECTIVE NEGOTIATING UNITS FOR 2011-2016

Section 1. Paragraph d of subdivision 1 of *section 130 of the civil service law is REPEALED* and a new paragraph d is added to read as follows:

[^> D. SALARY GRADES FOR POSITIONS IN THE COMPETITIVE, NON-COMPETITIVE AND LABOR CLASSES OF THE CLASSIFIED SERVICE OF THE STATE OF NEW YORK DESIGNATED MANAGERIAL OR CONFIDENTIAL PURSUANT TO ARTICLE FOURTEEN OF THIS CHAPTER, CIVILIAN STATE EMPLOYEES OF THE DIVISION OF MILITARY AND NAVAL AFFAIRS OF THE EXECUTIVE DEPARTMENT WHOSE POSITIONS ARE NOT IN, OR ARE EXCLUDED FROM REPRESENTATION RIGHTS IN, ANY RECOGNIZED OR CERTIFIED NEGOTIATING UNIT, AND THOSE EXCLUDED FROM REPRESENTATION RIGHTS UNDER ARTICLE FOURTEEN OF THIS CHAPTER PURSUANT TO RULES OR REGULATIONS OF THE PUBLIC EMPLOYMENT RELATIONS BOARD SHALL BE AS FOLLOWS ON THE EFFECTIVE DATES INDICATED: <A]

[^> (1) EFFECTIVE APRIL FIRST, TWO THOUSAND ELEVEN: <A]

| A> GRADE | HIRING RATE | JOB RATE |
|---|---|---|
| M/C 3 | $ 22,547 | $ 28,824 |
| M/C 4 | $ 23,542 | $ 30,132 |
| M/C 5 | $ 24,955 | $ 31,594 |
| M/C 6 | $ 26,014 | $ 33,215 |
| M/C 7 | $ 27,514 | $ 35,013 |
| M/C 8 | $ 29,024 | $ 36,818 |
| M/C 9 | $ 30,682 | $ 38,776 |
| M/C 10 | $ 32,335 | $ 40,927 |
| M/C 11 | $ 34,296 | $ 43,200 |
| M/C 12 | $ 36,106 | $ 45,466 |
| M/C 13 | $ 38,208 | $ 47,991 |
| M/C 14 | $ 40,477 | $ 50,631 |

2011 Bill Text NY S.B. 5846

| | | |
|---|---|---|
| M/C 15 | $ 42,729 | $ 53,366 |
| M/C 16 | $ 45,138 | $ 56,212 |
| M/C 17 | $ 47,698 | $ 59,312 |
| M/C 18 | $ 47,952 | $ 59,504 |
| M/C 19 | $ 50,524 | $ 62,597 |
| M/C 20 | $ 53,099 | $ 65,737 |
| M/C 21 | $ 55,963 | $ 69,132 |
| M/C 22 | $ 58,971 | $ 72,765 |
| M/C 23 | $ 61,993 | $ 77,454 |
| M 1 | $ 66,914 | $ 84,581 |
| M 2 | $ 74,210 | $ 93,803 |
| M 3 | $ 82,363 | $ 104,080 |
| M 4 | $ 91,096 | $ 114,961 |
| M 5 | $ 101,149 | $ 127,794 |
| M 6 | $ 111,992 | $ 140,864 |
| M 7 | $ 123,446 | $ 152,886 |
| M 8 | $ 104,082+ <A] | |

[A> (2) EFFECTIVE APRIL FIRST, TWO THOUSAND FOURTEEN: <A]

| A> GRADE | HIRING RATE | JOB RATE |
|---|---|---|
| M/C 3 | $ 22,998 | $ 29,400 |
| M/C 4 | $ 24,013 | $ 30,735 |
| M/C 5 | $ 25,454 | $ 32,226 |
| M/C 6 | $ 26,534 | $ 33,879 |
| M/C 7 | $ 28,064 | $ 35,713 |
| M/C 8 | $ 29,604 | $ 37,554 |
| M/C 9 | $ 31,296 | $ 39,552 |
| M/C 10 | $ 32,982 | $ 41,746 |
| M/C 11 | $ 34,982 | $ 44,064 |
| M/C 12 | $ 36,828 | $ 46,375 |
| M/C 13 | $ 38,972 | $ 48,951 |
| M/C 14 | $ 41,287 | $ 51,644 |
| M/C 15 | $ 43,584 | $ 54,433 |
| M/C 16 | $ 46,041 | $ 57,336 |
| M/C 17 | $ 48,652 | $ 60,498 |
| M/C 18 | $ 48,911 | $ 60,694 |
| M/C 19 | $ 51,534 | $ 63,849 |
| M/C 20 | $ 54,161 | $ 67,052 |
| M/C 21 | $ 57,082 | $ 70,515 |
| M/C 22 | $ 60,150 | $ 74,220 |
| M/C 23 | $ 63,233 | $ 79,003 |
| M 1 | $ 68,252 | $ 86,273 |
| M 2 | $ 75,694 | $ 95,679 |
| M 3 | $ 84,010 | $ 106,162 |
| M 4 | $ 92,918 | $ 117,260 |
| M 5 | $ 103,172 | $ 130,350 |
| M 6 | $ 114,232 | $ 143,681 |
| M 7 | $ 125,915 | $ 155,944 |
| M 8 | $ 106,164+ <A] | |

[A> (3) EFFECTIVE APRIL FIRST, TWO THOUSAND FIFTEEN: <A]

| [A> GRADE | HIRING RATE | JOB RATE |
|-----------|-------------|----------|
| M/C 3 | $ 23,458 | $ 29,988 |
| M/C 4 | $ 24,493 | $ 31,350 |
| M/C 5 | $ 25,963 | $ 32,871 |
| M/C 6 | $ 27,065 | $ 34,557 |
| M/C 7 | $ 28,625 | $ 36,427 |
| M/C 8 | $ 30,196 | $ 38,305 |
| M/C 9 | $ 31,922 | $ 40,343 |
| M/C 10 | $ 33,642 | $ 42,581 |
| M/C 11 | $ 35,682 | $ 44,945 |
| M/C 12 | $ 37,565 | $ 47,303 |
| M/C 13 | $ 39,751 | $ 49,930 |
| M/C 14 | $ 42,113 | $ 52,677 |
| M/C 15 | $ 44,456 | $ 55,522 |
| M/C 16 | $ 46,962 | $ 58,483 |
| M/C 17 | $ 49,625 | $ 61,708 |
| M/C 18 | $ 49,889 | $ 61,908 |
| M/C 19 | $ 52,565 | $ 65,126 |
| M/C 20 | $ 55,244 | $ 68,393 |
| M/C 21 | $ 58,224 | $ 71,925 |
| M/C 22 | $ 61,353 | $ 75,704 |
| M/C 23 | $ 64,498 | $ 80,583 |
| M 1 | $ 69,617 | $ 87,998 |
| M 2 | $ 77,208 | $ 97,593 |
| M 3 | $ 85,690 | $ 108,285 |
| M 4 | $ 94,776 | $ 119,605 |
| M 5 | $ 105,235 | $ 132,957 |
| M 6 | $ 116,517 | $ 146,555 |
| M 7 | $ 128,433 | $ 159,063 |
| M 8 | $ 108,287+ <A] | |

Section 2. Subdivision 1 of *section 19 of the correction law is REPEALED* and a new subdivision 1 is added to read as follows:

[A> 1. THIS SECTION SHALL APPLY TO EACH SUPERINTENDENT OF A CORRECTIONAL FACILITY APPOINTED ON OR AFTER AUGUST NINTH, NINETEEN HUNDRED SEVENTYFIVE AND ANY SUPERINTENDENT HERETOFORE APPOINTED WHO ELECTS TO BE COVERED BY THE PROVISIONS THEREOF BY FILING SUCH ELECTION WITH THE COMMISSIONER. <A]

[A> A. THE SALARY SCHEDULE FOR SUPERINTENDENTS OF A CORRECTIONAL FACILITY WITH AN INMATE POPULATION CAPACITY OF FOUR HUNDRED OR MORE INMATES SHALL BE AS FOLLOWS: <A]

A> EFFECTIVE APRIL FIRST, TWO THOUSAND ELEVEN:

| HIRING RATE | JOB RATE |
|-------------|----------|
| $ 105,913 | $ 144,535 |

EFFECTIVE APRIL FIRST, TWO THOUSAND FOURTEEN:

| HIRING RATE | JOB RATE |
|-------------|----------|
| $ 108,031 | $ 147,426 |

EFFECTIVE APRIL FIRST, TWO THOUSAND FIFTEEN:

| HIRING RATE | JOB RATE |
|---|---|
| $ 110,192 | $ 150,375 <A] |

[A> B. THE SALARY SCHEDULE FOR SUPERINTENDENTS OF CORRECTIONAL FACILITIES WITH AN INMATE POPULATION CAPACITY OF FEWER THAN FOUR HUNDRED INMATES SHALL BE AS FOLLOWS: <A]

`A> EFFECTIVE APRIL FIRST, TWO THOUSAND ELEVEN:

| HIRING RATE | JOB RATE |
|---|---|
| $ 82,363 | $ 104,081 |

EFFECTIVE APRIL FIRST, TWO THOUSAND FOURTEEN:

| HIRING RATE | JOB RATE |
|---|---|
| $ 84,010 | $ 106,163 |

EFFECTIVE APRIL FIRST, TWO THOUSAND FIFTEEN:

| HIRING RATE | JOB RATE |
|---|---|
| $ 85,690 | $ 108,286 <A] |

Section 3. Compensation for certain state officers and employees. 1. The provisions of this section shall apply to the following full-time state officers and employees:

(a) officers and employees whose positions are designated managerial or confidential pursuant to article 14 of the civil service law;

(b) civilian state employees of the division of military and naval affairs in the executive department whose positions are not in, or are excluded from representation rights in, any recognized or certified negotiating unit;

(c) officers and employees excluded from representation rights under article 14 of the civil service law pursuant to rules or regulations of the public employment relations board; and (d) officers and employees whose salaries are prescribed by section 19 of the correction law.

2. For such officers and employees the following increases shall apply:

(a) Effective April 1, 2014, the basic annual salary of officers and employees to whom the provisions of this subdivision apply shall be increased by two percent adjusted to the nearest whole dollar amount.

(b) Effective April 1, 2015, the basic annual salary of officers and employees to whom the provisions of this subdivision apply shall be increased by two percent adjusted to the nearest whole dollar amount.

3. (a) Effective April 1, 2013, for officers and employees to whom the provisions of this subdivision apply, a lump sum payment of $ 775 shall be made to each employee in such units in full-time employment status who was (i) active on the effective date of this act and (ii) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until April 1, 2013. Such lump sum shall be considered salary for final average salary retirement purposes but shall not become part of basic annual salary. Notwithstanding the foregoing provisions of this subdivision, officers and employees who would have otherwise been eligible to receive such lump sum payment, but who were not on the payroll on said April 1, 2013, shall be eligible for said payment if they return to full-time employment status during the fiscal year 2013-2014 without a break in continuous service.

(b) Effective April 1, 2014, for officers and employees to whom the provisions of this subdivision apply, a lump sum payment of $ 225 shall be made to each employee in such units in full-time employment status who was (i) active on the effective date of this act and (ii) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until April 1, 2013. Such lump sum shall be considered salary for final average salary retirement purposes but shall not become part of basic annual salary.

4. If an unencumbered position is one that, if encumbered, would be subject to the provisions of this section, the salary of such position shall be increased by the salary increase amounts specified in this section. If a position is created and is filled by the appointment of an officer or employee who is subject to the provisions of this section, the salary otherwise provided for such position shall be increased in the same manner as though such position had been in existence but unencumbered.

5. The increases in salary and the lump sum payment payable pursuant to this section shall apply on a prorated basis in accordance with guidelines issued by the director of the budget to officers and employees otherwise eligible to receive an increase in salary or the lump sum payment pursuant to this act who are paid on an hourly or per diem basis, employees serving on a part-time or seasonal basis, and employees paid on any basis other than at an annual salary rate.

6. Notwithstanding any of the foregoing provisions of this section, the provisions of this section shall not apply to the following except as otherwise provided by law:

(a) officers or employees paid on a fee schedule basis;

(b) officers or employees whose salaries are prescribed by section 40, 60, or 169 of the executive law;

(c) officers or employees in collective negotiating units established pursuant to article 14 of the civil service law.

7. Officers and employees to whom the provisions of this section apply who are incumbents of positions that are not allocated to salary grades specified in paragraph d of subdivision 1 of section 130 of the civil service law and whose salary is not prescribed in any other statute shall receive the salary increases and the lump sum payment specified in subdivisions two and three of this section.

8. In order to provide for the officers and employees to whom this section applies who are not allocated to salary grades performance advancements, merit awards, longevity payments and in lieu payments, and special achievement awards in proportion to those provided to persons to whom this section applies who are allocated to salary grades, the director of the budget is authorized to add appropriate adjustments to the compensation that such officers and employees are otherwise entitled to receive. The director of the budget shall issue certificates that shall contain schedules of positions and the salaries or payments thereof for which adjustments or payments are made pursuant to the provisions of this subdivision, and a copy of each such certificate shall be filed with the state comptroller, the department of civil service, the chairman of the senate finance committee and the chairman of the assembly ways and means committee.

9. Notwithstanding any of the foregoing provisions of this section, any increase in compensation for any officer or employee appointed to a lower graded position from a redeployment list pursuant to subdivision 1 of section 79 of the civil service law who continues to receive his or her former salary pursuant to such subdivision shall be determined on the basis of such lower graded position provided, however, that the increases in salary provided in subdivision two of this section shall not cause such officer's or employee's salary to exceed the job rate of any such lower graded position at salary grade.

10. Notwithstanding any of the foregoing provisions of this section or of any law to the contrary, the director of the budget may reduce the salary of any position which is vacant or which becomes vacant, so long as the position, if encumbered, would be subject to the provisions of this section. The director of the budget does not need to provide a reason for such reduction.

Section 4. Compensation for certain state officers and employees in the division of state police. 1. The provisions of this section shall apply to officers and employees whose salaries are provided for by paragraph (a) of subdivision 1 of section 215 of the executive law.

2. (a) Effective April 1, 2014, the basic annual salary of officers and employees to whom the provisions of this subdivision apply shall be increased by two percent adjusted to the nearest whole dollar amount.

(b) Effective April 1, 2015, the basic annual salary of officers and employees to whom the provisions of this subdivision apply shall be increased by two percent adjusted to the nearest whole dollar amount.

3. (a) Effective April 1, 2013, for officers and employees to whom the provisions of this subdivision apply, a lump sum payment of $ 775 shall be made to each employee in such units in full-time employment status who was (i) active on the effective date of this act and (ii) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until April 1, 2013. Such lump sum shall be considered salary for final average salary retirement purposes. Notwithstanding the foregoing provisions of this subdivision, officers and employees who would have otherwise been eligible to receive such lump sum payment, but who were not on the payroll on said April 1, 2013, shall be eligible for said payment if they return to full-time employment status during the fiscal year 2013-2014 without a break in continuous service.

(b) Effective April 1, 2014, for officers and employees to whom the provisions of this subdivision apply, a lump sum payment of $ 225 shall be made to each employee in such units in full-time employment status who was (i) active on the effective date of this act and (ii) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until April 1, 2013. Such lump sum shall be considered salary for final average salary retirement purposes.

4. The increases in salary and the lump sum payments payable pursuant to this section shall apply on a prorated basis in accordance with guidelines issued by the director of the budget to officers and employees otherwise eligible to receive an increase in salary or the lump sum payment pursuant to this act who are paid on an hourly or per diem basis, employees serving on a part-time or seasonal basis, and employees paid on any basis other than at an annual salary rate.

5. Notwithstanding any of the foregoing provisions of this section, any increase in compensation for any officer or employee appointed to a lower graded position from a redeployment list pursuant to subdivision 1 of section 79 of the civil service law who continues to receive his or her former salary pursuant to such subdivision shall be determined on the basis of such lower graded position provided, however, that the increases in salary provided in subdivision two of this section shall not cause such officer's or employee's salary to exceed the job rate of any such lower graded position at salary grade.

Section 5. Compensation for certain state employees in the state university and certain employees of contract colleges at Cornell and Alfred universities.

1. Effective April 1, 2014 and April 1, 2015, the basic annual salary of incumbents of positions in the professional service in the state university that are designated, stipulated, or excluded from negotiating units as managerial or confidential as defined pursuant to article 14 of the civil service law, may be increased pursuant to plans approved by the state university trustees. Such increases in basic annual salary rates shall not exceed in the aggregate two percent of the total basic annual salary rates in effect on March 31, 2014 and two percent of the total basic annual salary rates in effect on March 31, 2015.

2. Effective April 1, 2014 and April 1, 2015, the basic annual salary of incumbents of positions in the institutions under the management and control of Cornell and Alfred universities as representatives of the board of trustees of the state university that, in the opinion of the director of employee relations, would be designated managerial or confidential were they subject to article 14 of the civil service law may be increased pursuant to plans approved by the state university trustees. Such increases in basic annual salary rates shall not exceed in the aggregate two percent of the total basic annual salary rates in effect on March 31, 2014 and two percent of the total basic annual salary rates in effect on March 31, 2015.

3. (a) (i) Effective April 1, 2013, the state university trustees, at their discretion, may provide to incumbents of positions in the professional service in the state university that are designated, stipulated, or excluded from negotiating units as managerial or confidential as defined pursuant to article 14 of the civil service law, who was (I) active on the effective date of this act and (II) in continuous service, as defined by pa-

ragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until April 1, 2013, a non-recurring lump sum payment in an amount not to exceed $ 775.

(i) Effective April 1, 2014, the state university trustees, at their discretion, may provide to incumbents of positions in the professional service in the state university that are designated, stipulated, or excluded from negotiating units as managerial or confidential as defined pursuant to article 14 of the civil service law, who was (I) active on the effective date of this act and (II) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until April 1, 2013, a non-recurring lump sum payment in an amount not to exceed $ 225.

(iii) Payments provided in this subdivision shall be in addition to and shall not be a part of the employee's basic annual salary, provided, however, that any amounts payable pursuant to this subdivision shall be included as compensation for retirement purposes.

(b) (i) Effective April 1, 2013, Cornell and Alfred universities may provide to incumbents of positions in the institutions under the management and control of Cornell and Alfred universities as representatives of the board of trustees of the state university that, in the opinion of the director of employee relations, would be designated managerial or confidential were they subject to article 14 of the civil service law, who are (I) active on the effective date of this act and (II) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until April 1, 2013, a non-recurring lump sum payment in an amount not to exceed $ 775, for distribution in whole or in part by Cornell and Alfred universities, in their discretion, with the approval of the state university trustees.

(ii) Effective April 1, 2014, Cornell and Alfred universities may provide to incumbents of positions in the institutions under the management and control of Cornell and Alfred universities as representatives of the board of trustees of the state university that, in the opinion of the director of employee relations, would be designated managerial or confidential were they subject to article 14 of the civil service law, who are (I) active on the effective date of this act and (II) in continuous service, as defined by paragraph (c) of subdivision 3 of section 130 of the civil service law, from that date until April 1, 2013, a non-recurring lump sum payment in an amount not to exceed $ 225, for distribution in whole or in part by Cornell and Alfred universities, in their discretion, with the approval of the state university trustees.

(iii) Payments provided in this subdivision shall be in addition to and shall not be a part of the employee's basic annual salary, provided, however, that any amounts payable pursuant to this subdivision shall be included as compensation for retirement purposes.

4. During the period April 1, 2014 through March 31, 2016, the basic annual salary of incumbents of positions in the non-professional service that, in the opinion of the director of employee relations, would be designated managerial or confidential were they subject to article 14 of the civil service law, except those positions in the Cornell service and maintenance unit that are subject to the terms of a collective bargaining agreement between Cornell university and the employee organization representing employees in such positions and except those positions in the Alfred service and maintenance unit that are subject to the terms of a collective bargaining agreement between Alfred university and the employee organization representing employees in such positions, in institutions under the management and control of Cornell and Alfred universities as representatives of the board of trustees of the state university may be increased pursuant to plans approved by the state university trustees. Such plans may include new salary schedules which shall supersede the salary schedules then in effect applicable to such employees. Such plans shall provide for increases in basic annual salaries, which, exclusive of performance advancement payments or merit recognition payments, shall not exceed in the aggregate two percent of the total basic annual salary rates in effect on March 31, 2014 and two percent of the total basic annual salary rates in effect on March 31, 2015.

5. For the purposes of this section, the basic annual salary of an employee is that salary that is obtained through direct appropriation of state moneys for the purpose of paying wages. Nothing in this part shall prevent increasing amounts paid to incumbents of such positions in the professional service in addition to the

basic annual salary, provided, however, that the amounts required for such increase and the cost of fringe benefits attributable to such increase, as determined by the comptroller, are made available to the state in accordance with the procedures established by the state university, with the approval of the director of the budget, for such purposes.

Section 6. Location compensation for certain state officers and employees.

1. This section shall apply to all full-time annual salaried state officers and employees and non annual salaried seasonal state officers and employees except the following:

(a) officers and employees of the legislature and the judiciary, including officers and employees of boards, bodies and commissions that are deemed to be part of the legislature or judiciary for the purposes of section 49 of the state finance law;

(b) officers and employees whose salaries are prescribed by or determined in accordance with section 40, 60, 169, 215, or 216 of the executive law;

(c) incumbents of allocated or unallocated positions in the professional service in the state university and in institutions under the management and control of Cornell and Alfred universities as representatives of the board of trustees of the state university;

(c) officers and employees who are in recognized or certified collective negotiating units pursuant to article 14 of the civil service law.

2. Notwithstanding the provisions of section 15 of chapter 333 of the laws of 1969, as amended, officers and employees subject to this section whose principal place of employment or, in the case of field employees, whose official station as determined in accordance with the regulations of the comptroller is located:

(a) in the county of Monroe and who were eligible to receive location pay on March 31, 1985, shall receive location pay at the rate of two hundred dollars per year provided they continue to be otherwise eligible.

(b) in the city of New York, or in the county of Rockland, Westchester, Nassau, or Suffolk shall continue to receive a downstate adjustment at the rate of three thousand twenty-six dollars effective October 1, 2008.

(c) in the county of Dutchess, Orange, or Putnam shall continue to receive a mid-Hudson adjustment at the rate of one thousand five hundred thirteen dollars effective October 1, 2008. Such location payments shall be in addition to and shall not be a part of an employee's basic annual salary, and shall not affect or impair any advancements or other rights or benefits to which an employee may be entitled by law, provided, however, that location payments shall be included as compensation for purposes of computation of overtime pay and for retirement purposes. For the sole purpose of continuing eligibility for location pay in Monroe county, an employee previously eligible to receive location pay on March 31, 1985 who is on an approved leave of absence or participates in an employer program to reduce to part-time service during summer months shall continue to be eligible for said location pay upon return to full-time state service in Monroe county.

Section 7. Continuation of location compensation for certain officers and employees of the Hudson Valley developmental disabilities services office. 1. Notwithstanding any law, rule or regulation to the contrary, any officer or employee of the Hudson Valley developmental disabilities services office not represented in collective negotiating units established pursuant to article 14 of the civil service law who is receiving location pay pursuant to section 5 of chapter 174 of the laws of 1993 shall continue to receive such location pay under the conditions and at the rates specified by such section.

2. Notwithstanding section seven of this act or any other law, rule or regulation to the contrary, any officer or employee of the Hudson Valley developmental disabilities services office not represented in collective negotiating units established pursuant to article 14 of the civil service law who is receiving location pay pursuant to said section seven of this act shall continue to be eligible for such location pay if such officer's or

employee's principal place of employment is changed to a location outside of the county of Rockland as the result of a reduction or redeployment of staff, provided, however, that such officer or employee is reassigned to or otherwise appointed or promoted to a different position at another work location within such Hudson Valley developmental disabilities services office located outside of the county of Rockland. The rate of such continued location pay shall not exceed the rate such officer or employee is receiving on the date of such reassignment, appointment, or promotion.

Section 8. Overtime meal allowance. Notwithstanding any other provision of law to the contrary, individuals in positions in the classified service of the state of New York designated managerial or confidential pursuant to article 14 of the civil service law, shall continue to receive, effective April 1, 2011, an overtime meal allowance in the amount of $ 5.50 pursuant to eligibility guidelines developed by the director of employee relations.

Section 9. Notwithstanding any provision of law to the contrary, the appropriations contained in this act shall be available to the state for the payment of grievance settlements and awards pursuant to executive order 42, dated October 14, 1970, and title 9, part 560, official compilation of codes, rules and regulations of the state of New York.

Section 10. Use of appropriations. The comptroller is authorized to pay any amounts required during the fiscal years commencing April 1, 2011 by the foregoing provisions of this act for any state department or agency from any appropriation or other funds available to such state department or agency for personal service or other related employee benefits during such fiscal year. To the extent that such appropriations in any fund are insufficient to accomplish the purposes herein set forth, the director of the budget is authorized to allocate to the various departments and agencies, from any appropriations available in any fund, the amounts necessary to pay such amounts.

Section 11. Effect of participation in special annuity program. No officer or employee participating in a special annuity program pursuant to the provision of article 8-C of the education law shall, by reason of an increase in compensation pursuant to this act, suffer any reduction of the salary adjustment to which that employee would otherwise be entitled by reason of participation in such program, and such salary adjustment shall be based upon the salary of such officer or employee without regard to the reduction authorized by such article.

Section 12. Date of entitlement to salary increase. Notwithstanding the provisions of this act or of any other law, the increase in salary or compensation of any officer or employee provided by this act shall be added to the salary or compensation of such officer or employee at the beginning of that payroll period the first day of which is nearest to the effective date of such increase as provided in this act, or at the beginning of the earlier of two payroll periods the first days of which are nearest but equally near to the effective date of such increase as provided in this act, provided, however, that for the purposes of determining the salary of such officer or employee upon reclassification, reallocation, appointment, promotion, transfer, demotion, reinstatement or other change of status, such salary increase shall be deemed to be effective on the date thereof as prescribed in this act, and the payment thereof pursuant to this section on a date prior thereto, instead of on such effective date, shall not operate to confer any additional salary rights or benefits on such officer or employee.

Section 13. 1. Notwithstanding the provisions of any other section of this act or any other provision of law to the contrary, any increase in compensation, including any lump sum payment, provided: (a) in this act, or (b) as a result of a promotion, appointment, or advancement to a position in a higher salary grade, or (c) pursuant to paragraph (c) of subdivision 6 of section 131 of the civil service law, or (d) pursuant to paragraph (b) of subdivision 8 of section 130 of the civil service law, or (e) pursuant to paragraph (a) of subdivision 3 of section 13 of chapter 732 of the laws of 1988, as amended, may be withheld in whole or in part from any officer or employee when, in the opinion of the director of the budget, such withholding is necessary to reflect the job performance of such officer or employee, or to maintain appropriate salary relationships among

office~s or employees of the state, or to reduce state expenditures to acceptable levels or when, in the opinion of the director of the budget, such increase is not warranted or is not appropriate.

2. Notwithstanding the provisions of any other section of this act, the salary increases and lump sum payments provided for in this act shall not be implemented until the director of the budget delivers notice to the comptroller that such amounts may be paid.

3. Notwithstanding the provisions of any other section of this act or any other provisions of law, for state office~s and employees in the executive branch who are in positions which are not in collective negotiating units, the director of the budget shall have the authority to devise and implement a plan to reduce the basic annual salary, hourly rate or per diem of any such employee for the time and by the rate established by such plan for the time period specified in such plan. Such plan shall contain salary schedules appropriate for the plan and such other provisions necessary for the implementation and continued execution of the plan for the period established by the plan. After the cessation of such plan, the salary, rate or per diem shall be restored to the amount in effect immediately before the commencement of such plan.

Section 14. The several amounts as hereinafter set forth, or so much thereof as may be necessary, are hereby appropriated from the fund so designated for use by any state department or agency for the fiscal year beginning April 1, 2011 to supplement appropriations from each respective fund available for personal service, other than personal service and fringe benefits, and to carry out the provisions of this act. No money shall be available for expenditure from this appropriation until a certificate of approval has been issued by the director of the budget and a copy of such certificate or any amendment thereto has been filed with the state comptroller, the chairman of the senate finance committee and the chairman of the assembly ways and means committee.

ALL STATE DEPARTMENTS AND AGENCIES SPECIAL PAY BILLS

General Fund / State Operations State Purposes Account 003

Nonpersonal Service

Family benefits .............................. 310,000
Medical flexible spending account .............. 500,000
Pre-tax transportation benefit .................. 550,000
Management training ........................... 1,018,000
Uniform allowance ............................... 245,000
Tuition reimbursement ........................... 250,000
M/C share of negotiated programs ................ 570,000

Section 15. This act shall take effect immediately and shall be deemed to have been in full force and effect on and after April 1, 2011. Appropriations made by this act shall remain in full force and effect for liabilities incurred through March 31, 2012.

REPEAL NOTE.--Paragraph d of subdivision 1 of section 130 of the civil service law, repealed by section one of this act, provided salary schedules for state employees designated managerial and confidential pursuant to article 14 of the civil service law and is replaced by revised salary schedules in a new paragraph d.

Subdivision 1 of *section 19 of the correction law, repealed* by section two of this act, provided salary schedules for superintendents of correctional facilities and is replaced by revised salary schedules in a new subdivision 1.

Section 2. Severability clause. If any clause, sentence, paragraph, subdivision, section or part contained in any part of this act shall be adjudged by any court of competent jurisdiction to be invalid, such judgment shall not affect, impair, or invalidate the remainder thereof, but shall be confined in its operation to the clause, sentence, paragraph, subdivision, section or part contained in any part thereof directly involved in the controversy which such judgment shall have been rendered. It is hereby declared to be the intent of the legislature that this act would have been enacted even if such invalid provisions had not been included herein.

Section 3. This act shall take effect immediately provided, however, that the applicable effective date for Parts A through B of this act shall be as specifically set forth in the last section of such Part.
Robach

**SUBJECT:** WAGES & SALARIES (82%); EMPLOYMENT (82%); COLLECTIVE BARGAINING (81%); LEGISLATORS (81%); APPROPRIATIONS (63%); LABOR UNIONS (62%); LEGISLATIVE BODIES (62%); COLLECTIVE BARGAINING AGREEMENTS (62%); BANKING & FINANCE (62%); LEGISLATION (62%); APPROVALS (62%); CIVIL SERVICES (61%);

**LOAD-DATE:** August 24, 2011