UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LILLIAN ROBERTS as Executive Director of District Council 37, AFSCME AFL-CIO, DISTRICT COUNCIL 37, AFSCME, AFL-CIO, DENNIS IFILL, as President of the Rent Regulation Services Unit Employees, Local 1359, District Council 37, AFSCME, AFL-CIO, THE RENT REGULATION SERVICES UNIT EMPLOYEES, LOCAL 1359, CLIFFORD KOPPELMAN, as President of the Court, County and Department of Probation Employees Unit, Local 1070, THE COURT, COUNTY, AND DEPARTMENT OF PROBATION EMPLOYEES UNIT, LOCAL 1070 and MILDRED BROWN, SHANOMAE WILTHSHIRE, NORMA GALLOWAY, CHARMAINE HARDAWAY, MAURICE BOUYEA, STEVEN SCHWARTZ on behalf of themselves and all others similarly situated,

**ANSWER**

1:12-CV-0046 (MAD)(CFH)

*Plaintiffs*,

v.

THE STATE OF NEW YORK, ANDREW M. CUOMO, as Governor of the State of New York, NEW YORK STATE CIVIL SERVICE DEPARTMENT, PATRICIA A. HITE, as Acting Commissioner, New York State Civil Service Department, NEW YORK STATE CIVIL SERVICE COMMISSION, CAROLINE W. AHL and J. DENNIS HANRAHAN, as Commissioners of the New York State Civil Service Commission, ROBERT L. MEGNA, as Director of the New York State Division of the Budget, and THOMAS P. DiNAPOLI as Comptroller of the State of New York, and NEW YORK STATE AND LOCAL RETIREMENT SYSTEM,

*Defendants*.

The New York State defendants, by their attorney, Eric T. Schneiderman, Attorney General of the State of New York, Charles J. Quackenbush, Assistant Attorney General of counsel, without waiving objections under Fed. R. Civ. P. Rules 8(a), 8(e) and 10(b), answer the Complaint (filed January 10, 2012, Docket 1) as follows:

1

1. Paragraph 1; deny.

2. Paragraph 2 serves as an introductory summary of plaintiffs' action. To the extent that it indicates that any defendant has caused any deprivation of rights, deny.

3. Paragraph 3; deny that plaintiffs have presented claims upon which relief may be granted.

4. Paragraph 4; deny that plaintiffs have presented claims upon which relief may be granted.

5. Paragraph 5; deny that plaintiffs have presented claims upon which relief may be granted.

6. Paragraph 6; deny.

7. Paragraph 7; deny.

8. Paragraph 8; aver that, if jurisdiction could properly be taken over plaintiffs' action, the U.S. District Court for the Northern District of New York would be the proper venue.

9. Paragraph 9; deny knowledge or information with which to provide a response.

10. Paragraph 10; upon information and belief, admit.

11. Paragraph 11; deny knowledge or information with which to provide a response.

12. Paragraph 12; deny knowledge or information with which to provide a response.

13. Paragraph 13; deny knowledge or information with which to provide a response.

14. Paragraph 14; deny knowledge or information with which to provide a response.

15. Paragraph 15; deny knowledge or information with which to provide a response.

16. Paragraph 16; deny knowledge or information with which to provide a response.

17. Paragraph 17; deny knowledge or information with which to provide a response.

18. Paragraph 18; deny knowledge or information with which to provide a response.

19. Paragraph 19; deny.

20. Paragraph 20; deny.

21. Paragraph 21; admit that the State of New York is/was the employer of current/former RRSU employees. Deny knowledge or information as to whether particular Court personnel

are/have been employed by New York State or by a County. Admit that the State of New York has offered, and offers, the opportunity for employees and retirees to subscribe to State-subsidized health insurance. Deny that plaintiffs represent a class.

22. Paragraph 22; admit.

23. Paragraph 23; deny.

24. Paragraph 24; deny.

25. Paragraph 25; admit that the Department of Civil Service brought about such higher contribution rates. Deny that the agency's action has constituted a reduction in health insurance benefits.

26. Paragraph 26; deny.

27. Paragraph 27; deny and aver that Jerry Boone was duly appointed Commissioner and President of the Civil Service Commission, and Commissioner of the Civil Service Department, in July of 2012.

28. Paragraph 28; deny and aver that Jerry Boone was duly appointed Commissioner and President of the Civil Service Commission, and Commissioner of the Civil Service Department, in July of 2012.

29. Paragraph 29; admit.

30. Paragraph 30; deny.

31. Paragraph 31; admit.

32. Paragraph 32; deny.

33. Paragraph 33; admit.

34. Paragraph 34; admit that Mr. Megna took part in administratively modifying premium contribution rates for a State-subsidized health insurance program. Deny the remainder.

35. Paragraph 35; admit the description of Mr. DiNapoli's title and general responsibilities.

Reserve legal argument on issues of necessary parties.

36. Paragraph 36; reserve legal argument on issues of necessary parties.

37. Paragraph 37; deny.

38. Paragraph 38; deny.

39. Paragraph 39; deny.

40. Paragraph 40; deny.

41. Paragraph 41; deny.

42. Paragraph 42; deny.

43. Paragraph 43; deny.

44. Paragraph 44; deny.

45. Paragraph 45; deny.

46. Paragraph 46; deny.

47. Paragraph 47; deny and refer the Court to the statute for the contents thereof.

48. Paragraph 48; admit that DC 37 has taken part in negotiating collective bargaining agreements with the State.  Deny the remainder.

49. Paragraph 49; admit.

50. Paragraph 50; admit.

51. Paragraph 51; refer the Court to the contracts for the contents thereof.

52. Paragraph 52; refer the Court to the contracts for the contents thereof.

53. Paragraph 53; refer the Court to the contracts for the contents thereof.

54. Paragraph 54; deny knowledge or information with which to provide a response.

55. Paragraph 55; refer the Court to the contracts for the contents thereof.

56. Paragraph 56; admit.

57. Paragraph 57; refer the Court to the statutes for the contents thereof.

58. Paragraph 58; refer the Court to the statute for the contents thereof.

59. Paragraph 59; deny.

60. Paragraph 60; refer the Court to the statute for the contents thereof.

61. Paragraph 61; refer the Court to the statute for the contents thereof.

62. Paragraph 62; refer the Court to the Memorandum in Support for the contents thereof.

63. Paragraph 63; refer the Court to the statute for the contents thereof.

64. Paragraph 64; deny and refer the Court to the statute for the contents thereof.

65. Paragraph 65; refer the Court to the statute for the contents thereof.

66. Paragraph 66; refer the Court to the statute for the contents thereof.

67. Paragraph 67; refer the Court to the statute for the contents thereof.

68. Paragraph 68; refer the Court to the statute for the contents thereof.

69. Paragraph 69; refer the Court to the statute for the contents thereof.

70. Paragraph 70; refer the Court to the statute for the contents thereof.

71. Paragraph 71; refer the Court to the statute for the contents thereof.

72. Paragraph 72; admit the allegations contained in the first sentence; deny knowledge or information to respond to the allegations contained in the second sentence.

73. Paragraph 73; deny.

74. Paragraph 74; deny.

75. Paragraph 75; deny.

76. Paragraph 76; admit.

77. Paragraph 77; deny.

78. Paragraph 78; refer the Court to the statute for the contents thereof.

79. Paragraph 79; refer the Court to the statute for the contents thereof.

80. Paragraph 80; refer the Court to the statute for the contents thereof.

81. Paragraph 81; refer the Court to the statute for the contents thereof.

82. Paragraph 82; refer the Court to the statute for the contents thereof.

83. Paragraph 83; refer the Court to the statute for the contents thereof.

84. Paragraph 84; deny.

85. Paragraph 85; deny knowledge or information with which to respond.

86. Paragraph 86; admit but aver that Jerry Boone was duly appointed Commissioner and President of the Civil Service Commission, and Commissioner of the Civil Service Department, in July of 2012.

87. Paragraph 87; admit and aver that during relevant periods, Ms. Hite served as the duly appointed Acting Commissioner and President of Civil Service.

88. Paragraph 88; deny and refer the Court to the letter for the contents thereof.

89. Paragraph 89; refer the Court to the letter for the contents thereof.

90. Paragraph 90; refer the Court to the regulations for the contents thereof.

91. Paragraph 91; refer the Court to the certification for the contents thereof.

92. Paragraph 92; deny.

93. Paragraph 93; admit.

94. Paragraph 94; refer the Court to the contract for the contents thereof.

95. Paragraph 95; refer the Court to plaintiffs' Exhibit D for the contents thereof.

96. Paragraph 96; deny.

97. Paragraph 97; refer the Court to plaintiffs' Exhibit D for the contents thereof.

98. Paragraph 98; deny knowledge or information with which to provide a response.

99. Paragraph 99; deny.

100. Paragraph 100; deny.

101. Paragraph 101; reassert prior responses.

102. Paragraph 102; refer the Court to the Constitutional section for the contents thereof.

103. Paragraph 103; admit that DC 37 has taken part in negotiating collective bargaining agreements with the State. Deny knowledge or information with which to provide a response to the remainder.

104. Paragraph 104; admit that DC 37 has taken part in negotiating collective bargaining agreements with the State. Deny knowledge or information with which to provide a response to the remainder.

105. Paragraph 105; deny that plaintiffs represent a class. Deny knowledge or information with which to provide a response to the remainder.

106. Paragraph 106; deny knowledge or information regarding retiree plaintiffs' participation in the NYSHIP. Deny the remainder.

107. Paragraph 107; deny.

108. Paragraph 108; deny.

109. Paragraph 109; deny.

110. Paragraph 110; deny.

111. Paragraph 111; deny.

112. Paragraph 112; deny.

113. Paragraph 113; deny.

114. Paragraph 114; deny.

115. Paragraph 115; deny.

116. Paragraph 116; deny.

117. Paragraph 117; deny.

118. Paragraph 118; reassert prior responses.

119. Paragraph 119; deny knowledge or information with which to provide a response.

120. Paragraph 120; deny.

121. Paragraph 121; deny.

122. Paragraph 122; deny.

123. Paragraph 123; deny.

124. Paragraph 124; deny.

125. Paragraph 125; deny.

126. Paragraph 126; deny.

127. Paragraph 127; deny.

128. Paragraph 128; reassert prior responses.

129. Paragraph 129; refer the Court to the Constitutional provision for the contents thereof.

130. Paragraph 130; refer the Court to the Constitutional provision for the contents thereof.

131. Paragraph 131; deny.

132. Paragraph 132; deny.

133. Paragraph 133; deny.

134. Paragraph 134; deny.

135. Paragraph 135; deny.

136. Paragraph 136; deny.

137. Paragraph 137; deny.

138. Paragraph 138; deny.

139. Paragraph 139; deny.

140. Paragraph 140; deny.

141. Paragraph 141; deny.

142. Paragraph 142; deny.

143. Paragraph 143; deny.

144. Paragraph 144; deny.

145. Paragraph 145; deny.

146. Paragraph 146; deny.

147. Paragraph 147; deny.

148. Paragraph 148; reassert prior responses.

149. Paragraph 149; deny.

150. Paragraph 150; deny and refer the Court to CSL §167 for the contents thereof.

151. Paragraph 151; deny.

152. Paragraph 152; deny.

153. Paragraph 153; deny.

154. Paragraph 154; deny.

155. Paragraph 155; deny.

156. Paragraph 156; deny.

157. Paragraph 157; admit that, during relevant periods, Ms. Hite served as the duly appointed Acting Commissioner and President of Civil Service.  Deny the remainder.

158. Paragraph 158; deny, except admit that defendant Hite did not attend or vote at any official meeting of the Civil Service Commission.

159. Paragraph 159; deny.

160. Paragraph 160; deny.

161. Paragraph 161; deny.

162. Paragraph 162; deny.

163. Paragraph 163; deny.

164. Paragraph 164; reassert prior responses.

165. Paragraph 165; refer the Court to the Constitutional provision for the contents thereof.

166.    Paragraph 166; refer the Court to the Constitutional provision for the contents thereof.

167.    Paragraph 167; deny.

168.    Paragraph 168; deny.

169.    Paragraph 169; deny.

170.    Paragraph 170; deny.

171.    Paragraph 171; deny.

172.    Paragraph 172; deny.

173.    Paragraph 173; reassert prior responses.

174.    Paragraph 174; refer the Court to the Constitutional provision for the contents thereof.

175.    Paragraph 175; refer the Court to the statute for the contents thereof.

176.    Paragraph 176; admit that individual defendants were fulfilling functions assigned to them by the Legislature in the course of effectuating Ch.491, L.2011.  Deny the remainder.

177.    Paragraph 177; deny.

178.    "Wherefore" paragraphs; deny that plaintiffs have presented a claim upon which relief may be granted.

179.    Deny any paragraphs inadvertently left unanswered.

AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

As a matter of New York State law, plaintiffs have no cognizable contractual interest in a particular NYSHIP premium contribution rate.  *RPEA v. Cuomo, et al*, 2012 N.Y. Misc. LEXIS 5714 *19-20 (Albany Sup. Ct. 12/17/12).

AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

As a matter of New York State law, defendants' administrative implementation of an increase in the percentages of contributions for medical benefits under NYSHIP payable by State retirees and/or their dependents participating in NYSHIP in excess of that set forth in Civil

Service Law §167(1)(a) (effective October 1, 2011) is valid. *RPEA v. Cuomo, et al*, 2012 N.Y. Misc. LEXIS 5714 *25 (Albany Sup. Ct. 12/17/12).

AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

As a matter of New York State law, the emergency regulation filed on September 27, 2011 (effective October 1, 2011) promulgated by the New York State Department of Civil Service implementing the increase in the percentages of contributions for NYSHIP by retirees participating in NYSHIP is valid. *RPEA v. Cuomo, et al*, 2012 N.Y. Misc. LEXIS 5714 (Albany Sup. Ct. 12/17/12).

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

Plaintiffs' claims against New York State, its agencies and officials for retrospective equitable relief have been dismissed under Fed. R. Civ. P. Rule 12(b).

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

Plaintiffs' claims against New York State, its agencies and officials for compensatory relief have been dismissed under Fed. R. Civ. P. Rule 12(b).

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

Plaintiffs' claims based upon CPLR Article 78 have been dismissed under Fed. R. Civ. P. Rule 12(b).

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

Plaintiffs' claims against individual New York State officials are barred by the doctrine of legislative immunity.

AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

Plaintiffs lack standing to bring claims presented in this action.

WHEREFORE the defendants respectfully request that the Court dismiss the Complaint,

deny the relief requested and grant such other relief as the Court shall seem just and equitable.

Dated: Albany, New York
       January 11, 2013                **ERIC T. SCHNEIDERMAN**
                                          Attorney General of the State of New York
                                          Attorney for defendants
                                          Office of the Attorney General
                                          The Capitol
                                          Albany, New York 12224

                                          *s/Charles J. Quackenbush*
                                          Charles J. Quackenbush, BRN 601683
                                          Assistant Attorney General Of Counsel
                                          (518) 402-2270
                                          charles.quackenbush@ag.ny.gov

To:    Erica C. Gray-Nelson, Esq.
          Counsel for plaintiffs
          125 Barclay Street
          New York, NY 10007