UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Council 37, *et al.*,<br><br>                              *Plaintiffs*,<br><br>          -against-<br><br>The State of New York, *et al,*<br><br>                              *Defendants*. | 1:12-CV-0046<br>(MAD)(CFH) |
| Council 82, *et al.*,<br><br>                              *Plaintiffs*,<br><br>          -against-<br><br>The State of New York, *et al.*,<br><br>                              *Defendants*. | 1:11-CV-1525<br>(MAD)(CFH) |
| CSEA, *et al.*,<br><br>                              *Plaintiffs*,<br><br>          -against-<br><br>The State of New York, *et al.*,<br><br>                              *Defendants*. | 1:11-CV-1530<br>(MAD)(CFH) |
| NYSCOPBA, *et al.*,<br><br>                              *Plaintiffs*,<br><br>          -against-<br><br>The State of New York, *et al.*,<br><br>                              *Defendants*. | 1:11-CV-1523<br>(MAD)(CFH) |

| | |
|---|---|
| NYSP PBA, *et al.*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>The State of New York, *et al.*,<br><br>*Defendants*. | 1:11-CV-1526<br>(MAD)(CFH) |
| NYSPIA, *et al.*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>The State of New York, *et al.*,<br><br>*Defendants*. | 1:11-CV-1527<br>(MAD)(CFH) |
| PBA of New York State, Inc., *et al.*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>The State of New York, *et al.*,<br><br>*Defendants*. | 1:11-CV-1528<br>(MAD)(CFH) |
| PEF, *et al.*,<br><br>*Plaintiffs*,<br><br>-against-<br><br>The State of New York, *et al.*,<br><br>*Defendants*. | 1:11-CV-1533<br>(MAD)(CFH) |

| UUP, *et al.*, | |
| --- | --- |
| *Plaintiffs,* | 1:11-CV-1529 (MAD)(CFH) |
| -against- | |
| The State of New York, *et al.,* | |
| *Defendants*. | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

By:  Charles J. Quackenbush
BRN 601683
Assistant Attorney General, Of Counsel
(518) 402-2270
charles.quackenbush@ag.ny.gov

Kevin P. Hickey
BRN 509796
Assistant Attorney General, Of Counsel
(518) 474-4367
kevin.hickey@ag.ny.gov

**Table of Contents**

Preliminary Statement.................................................................................................. 5

Point I:
The Decision/Order and Judgment issued in the *RPEA* action
requires dismissal of the remainder of plaintiffs' actions. ............................................ 5

Point II:
The *Younger* doctrine requires the Court to abstain from taking jurisdiction. ............................... 7

Conclusion ................................................................................................................. 8

Printed [Reproduced] on Recycled Paper

**Preliminary Statement**

On February 7, 2013 the New York State defendants submitted a Motion for Reconsideration under Fed. R. Civ. P. Rule 60(b), by which they seek dismissal of the remainder of plaintiffs' action under Rule 12.  On March 22, 2013 the plaintiffs filed timely Responses. The defendants will now address select issues, but will otherwise respectfully rest upon their original Motion.

**Point I**

**The Decision/Order and Judgment issued in the *RPEA* action requires dismissal of the remainder of plaintiffs' actions.**

The decision rendered by Judge Ceresia in *RPEA v. Cuomo, et al*, 2012 N.Y. Misc. LEXIS 5714 (Albany Sup. 12/17/12), issued several days after this Court issued Decisions upon defendants' Rule 12 Motion, represents an exceptional circumstance as an intervening change of controlling State law.  It changes the foundation upon which this Court conducted its Rule 12(b) analysis.  Under Rule 60 and Rule 12(b)this decision requires dismissal of the remaining portions of the federal actions.

All of the federal plaintiffs contend that the New York State defendants have inflicted a substantial impairment of a contractual relationship implicating the Contract Clause of the U.S. Constitution.  In order to establish any contracts-related causes of action, the plaintiffs are obliged to first show the existence of a contract-based property right.  The *RPEA* decision forecloses their ability to do so.

There is no express, explicit contract between New York State and public retirees by which the State has committed itself to perpetual NYSHIP premium contribution rates.  If any implied contractual entitlement to a perpetually fixed retiree NYSHIP premium contribution might exist, it must arise under New York State law. *Board of Regents v. Roth*, 408 U.S. 564,

5

Printed [Reproduced] on Recycled Paper

577 (1972); *Bernheim v. Litt*, 79 F.3d 318, 322 (2nd Cir. 1996).

Plaintiffs have directed the Court to language in some public contracts which, they argue, should be interpreted as locking retiree contribution rates in perpetuity.  For purposes of Rule 12(b) the Court found that ambiguous contractual language might support a quasi-contract claim. *E.g., Council 37* 12(b) Decision, p.32 - "written language capable of reasonably being interpreted as creating a promise to provide plaintiffs theory might plausibly be shown."  The Court also accepted plaintiffs' theory that an implied contractual interest might be found using tools of interpretation such as "past practice" and statutory construction of CSL §167.  *E.g. Council 37* 12(b) Decision, pp.34-37.[1]  However, under recently clarified State law, such interests cannot be implied.[2]

A contractual interest must have a contractual source.  Unionized, active public employees work under terms and conditions of employment established in collective bargaining agreements.[3]  State retirees have no employment contract under which they can claim any entitlement to tax-funded benefits.  They can point to only one plausible source of contractual rights - their membership in the State Retirement System.  Access to the NYSHIP is an incidental benefit of membership in the System.  *Lippman v. Board of Educ. of Sewanhaka Cent. High School Dist.*, 66 NY2d 313, 315-318 (1985).  The Court of Appeals, and Judge Ceresia, have made clear that there can be no enforceable contract-based expectation in such benefits.

---

1  Plaintiffs often conflate concepts of express and implied contractual interests.  *E.g. NYSCOPBA* Response, pp.7-8 (indicating express "contract right" while arguing that retirees' interest must be implied from language in active employees' bargaining agreement, 30-year past practice & Civil Service Law).

2  The NYSHIP exists under New York State statutes.  The Supreme Court has held that when a contractual obligation is alleged to arise from such laws, a plaintiff must prove that the State's surrender of legislative authority has been expressed in "'terms too plain to be mistaken.'"  *United States v. Instar Corp.*, 518 U.S. 839, 875 (1996) (*quoting Jefferson Branch Bank v. Shelly*, 1 Black 436, 446, 17 L.Ed. 173 (1862)).

3  Certain classes of public employees which need not be examined here serve "at will," with no employment contract.

Printed [Reproduced] on Recycled Paper

Plaintiffs admit that *Lippman* forecloses any claim of a judicially enforceable entitlement to particular terms and conditions of retiree health benefits (*e.g. Council 37* Response, p.15; *NYSCOPBA* Response, p.8; *UUP* Response, pp.14-15), but seek to avoid its effect by distinguishing the *RPEA* case from their federal actions.  Toward this end they argue that the *RPEA* case presented causes of action differing from those in the federal cases.  *E.g. Council 37* Response, pp.13-14; *Council 82* Response, pp.5-10; *NYSCOPBA* Response, pp.4-9; *UUP* Response, pp.7-9.  Some of the plaintiffs have also emphasized that the *RPEA* case featured a cause of action - improper delegation of legislative powers - which the federal actions have not. *E.g. NYSCOPBA* Response, p.8; *Council 37* Response, p.14; *Council 82* Response, p.9; *PBA* Response, pp.11-12.  However, differences in form do not change the substantive impacts of the *RPEA* decision.  The issue determined by Judge Ceresia is indispensable to the claims in each of the federal actions.  Whether in the context of a contract clause or procedural due process claim (*e.g. NYSP PBA* Response, pp. 6-7), under New York State decisional law, there can be no enforceable implied contractual interest to a particular NYSHIP premium contribution rate.  As for the "legislative delegation" claim, Judge Ceresia's ruling only reinforces the principle that New York has always retained the power to adjust retiree contributions for NYSHIP coverage.

## Point II

### The *Younger* doctrine requires the Court to abstain from taking jurisdiction.

Plaintiffs argue that the defendants should not be permitted to ask the Court to reexamine this issue under Rule 60 since, under Rule 12(b), they did not explore the implications of an *RPEA* decision with more particularity.  *E.g. NYSCOPBA* Response, p.12; *NYSP PBA* Response, pp.14-15.  However, if *RPEA* ramifications were left "imprecise" in defendants' 12(b) Motion, it is because the 3211 Motion was still pending.  The defense was committed to the points raised in their Motion, but refrained from speculating upon the implications of an as-yet unseen Decision.

7

Plaintiffs further contend that the U.S. District Court is not bound to give controlling precedential effect to a Decision/Order and Judgment issuing from the New York State Supreme Court,. *E.g. NYSCOPBA* Response, p.10. However, this argument overlooks the fact that, to a critical extent, the *RPEA* decision is squarely based upon the Court of Appeals' decision in *Lippman*. Moreover, even if the Supreme Court has determined issues upon which the Court of Appeals has not spoken, a district court will examine such decisions ". . .to determine whether it is reasonable to assume that they present the current status of that state's law." *Commercial Union Ins. Co. v. Blue Water Yacht Club Assn.*, 289 F.Supp2d 337, 341 (EDNY 2003), *citing Kuwait Airways Corp. v. Ogden Allied Aviation Services,* 726 F.Supp. 1389, 1395 n.13 (EDNY 1989). At present, the *RPEA* decision sets forth the prevailing state law on this issue. Moreover, in the context of this action, with State fiscal interests and issues of State law interpretation at stake, it is particularly appropriate for this Court to decline jurisdiction and let the appellate processes in *RPEA* run their course.

### Conclusion

For the reasons set forth above the State defendants respectfully request that the Court reconsider its Rule 12(b) Decision insofar as plaintiffs' actions have been allowed to partially proceed, and dismiss the remainder of those actions in their entirety.

Dated: Albany, New York
       March 28, 2013

**ERIC T. SCHNEIDERMAN**
Attorney General of the State of New York
Attorney for New York State Defendants
The Capitol
Albany, New York  12224

By:  s\Charles J. Quackenbush
Charles J. Quackenbush
Assistant Attorney General, of Counsel
BRN 601683
(518) 402-2270
charles.quackenbush@ag.ny.gov

Printed [Reproduced] on Recycled Paper

**To:**

Jeffrey P. Mans, Esq.
Sheehan, Greene Law Firm
Counsel for plaintiffs in *NYSCOPBA*
54 State Street, Suite 1001
Albany, NY 12207

Christine A. Caputo Granich, Esq.
New York State Law Enforcement Officers
Union, District 82
Counsel for plaintiffs in *Council 82*
63 Colvin Avenue
Albany, NY 12206

Stephen G. DeNigris, Esq.
Office of Stephen G. DeNigris
Counsel for plaintiffs in *NYSP PBA*
2100 M Street, N.W.
Suite 170-283
Washington, DC
20037-1233

Mark T. Walsh, Esq.
Gleason, Dunn Law Firm
Counsel for plaintiffs in *NYSPIA*
40 Beaver Street
Albany, NY 12207

Richard C. Reilly, Esq.
Gleason, Dunn Law Firm
Counsel for plaintiffs in *PBA*
40 Beaver Street
Albany, NY 12207

Harold Eisenstein, Esq.
Robert T. Reilly, Jr., Esq.
NYSUT - Latham Office
Counsel for plaintiffs in *UUP*
800 Troy-Schenectady Road
Latham, NY 12110-2455

Paul S. Bamberger, Esq.
Civil Service Employees Association, Inc.
Counsel for plaintiffs in *CSEA*
143 Washington Avenue
P.O. Box 7125, Capitol Station
Albany, NY 12224

Lisa M. King, Esq.
Rita Strauss, Esq.
John F. Kershko, Esq.
Public Employees Federation, AFL-CIO
Office of General Counsel
Counsel for plaintiffs in *PEF*
1168-70 Troy-Schenectady Road
Albany, NY 12110

Erica C. Gray-Nelson, Esq.
District Council 37
Counsel for plaintiffs in *Council 37*
125 Barclay Street
New York, NY 10007

Amer Pharaon, Esq.
James E. Tyrrell, Jr., Esq.
Patton, Boggs Law Firm - NJ Office
Counsel for plaintiffs in *NYSCOA*
One Riverfront Plaza
Newark, NJ 07102

Printed [Reproduced] on Recycled Paper