UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LILLIAN ROBERTS, et. al.,

                *Plaintiffs*,

-against-                    12-CV-0046

THE STATE OF NEW YORK, et. al.,            MAD/CFH

                *Defendants*.

---

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND AND IN SUPPORT OF DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

 

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants Andrew M. Cuomo,
   Patricia A. Hite, Caroline W. Ahl, J.
   Dennis Hanrahan, Robert L. Megna and
   Thomas P. DiNapoli
The Capitol
Albany, New York  12224-0341

Laura Sprague
Assistant Attorney General, of Counsel
Bar Roll No. 511478
Telephone:  (518) 474-0822
Fax:  (518) 473-1572 (Not for service of papers)              Date: May 28, 2014

**Table of Contents**

**PRELIMINARY STATEMENT** ........................................................................................ 1

**STATEMENT OF THE CASE** ........................................................................................ 1

**ARGUMENT** ..................................................................................................................... 2

    **POINT I** ................................................................................................................. 2

        **PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE** ............................... 2

    **POINT II** ............................................................................................................... 6

        **PLAINTIFFS' CLAIMS AGAINST THE STATE AGENCIES AND FOR ANNULLMENT OF THE DEFENDANTS' ACTIONS CANNOT BE ASSERTED AS THESE CLAIMS WERE PREVIOUSLY DISMISSED** ........................................................................................... 6

    **POINT III** .............................................................................................................. 6

        **PLAINTIFFS' OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANTS CUOMO, DINAPOLI, AHL AND HANRAHAN MUST BE DISMISSED ON THE PLEADINGS FOR FAILURE TO STATE A CLAIM, AS THERE IS NO EVIDENCE THAT ANY OF THESE DEFENDANTS WERE CONNECTED WITH THE ENFORCEMENT OF THE ACT ALLEGED TO BE UNCONSTITUTIONAL** ....................................................................................... 6

**CONCLUSION** .................................................................................................................. 9

**PRELIMINARY STATEMENT**

Plaintiffs allege that modification of the health insurance contributions required of retired state employees is an unconstitutional impairment of a contractual and vested right. Plaintiffs' amended complaint seeks to add claims against the defendants in their individual capacities. As the Court has already dismissed personal capacity claims against the individual defendants (except Hite and Megna) in *Brown v. New York*, 2013 U.S. Dist. LEXIS 142326, at *42 (N.D.N.Y Sept. 30, 2013), and as plaintiffs have proffered insufficient factual allegations to support a personal capacity claim against any other defendants, the proposed amendment is futile with respect to those claims and should not be permitted. Similarly, as plaintiffs have continued to include claims that were previously dismissed by this Court, the motion to amend should be denied with respect to those claims as well.

In connection with plaintiffs' motion to amend, defendants respectfully cross-move pursuant to Fed. R. Civ. P. 12(c) to dismiss all claims against defendants Cuomo, Ahl, Hanrahan and DiNapoli Johnson in their personal and official capacities, as the pleadings fail to allege facts sufficient to support a connection between those defendants and the enforcement of the challenged statute, or any other personal involvement in the alleged constitutional violations.

**STATEMENT OF THE CASE**

On March 11, 2014, a discovery conference was held before Judge Hummel. At that time, he granted plaintiffs leave to move to amend their complaint (Dkt. 39), but noted on the record that any amended pleadings must remove any claims previously dismissed by this Court. Plaintiffs have now moved to amend, and seek to add personal capacity claims against the individual defendants.

1

## ARGUMENT

## POINT I

## PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE

Rule 15(a) (2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." However, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.' " *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir.2008) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Amendment is futile if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Lucente v. Int'l Bus. Mack Corp.,* 310 F.3d 243, 258 (2d Cir.2002). It is proper for a court to deny leave to amend if the amendment would be futile. *Id.*, *see also, Hunt v. Alliance North American Government Income Trust, Inc.*, 159 F.3d 723 (2d Cir.1998).

Except as against defendants Hite and Megna, plaintiffs have failed to sufficiently allege the personal involvement of the individual defendants.[1] "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation marks and quoted case omitted); *see also Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted). Therefore, "supervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*." *Hernandez v. Keane*, 341 F.3d 137, 144

---

1  This assertion is based on the Court's order denying defendants' motion to dismiss in *Brown, supra*, as referenced above. Defendants Hite and Megna dispute the categorization of their activities and, while respectful of the Court's unwillingness to dismiss the claims against them at this early stage, fully intend to revisit these issues at the close of discovery.

2

(2d Cir. 2003) (internal citation, quotation marks, and quoted case omitted), *cert. denied* 543 U.S. 1093 (2005).  Supervisor liability under section 1983 may only be established by:

> (1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring.

*Hernandez*, 341 F.3d at 145. *See also Samuels v. Selsky*, 166 Fed. Appx. 552, 556 (2d Cir. 2006) (supervisor cannot, without substantive violations specifically connecting him to the allegedly violative conduct, be held liable under §1983 merely by virtue of his position in the hierarchy). The fact that a defendant may be in a "high position of authority is an insufficient basis for the imposition of personal liability" under 42 U.S.C. §1983.  *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977), cert. denied, 434 U.S. 1087 (1978).

It is axiomatic that a plaintiff must allege personal misconduct on behalf of each named defendant in order for that defendant to be liable.  *See Torres v. Mazzuca*, 246 F. Supp. 2d 334, 339-40 (S.D.N.Y. 2003) (granting Rule 12(b)(6) motion to dismiss on this ground); *Taylor v. City of New York*, 953 F. Supp. 95, 99 (S.D.N.Y. 1997). Moreover, it is well settled that conclusory allegations of a defendant's role in the creation and enforcement of an unconstitutional policy cannot sustain a claim of personal involvement.  *Jouvert v. New York State*, 10-CV-930, 2012 U.S. Dist. LEXIS 186103, *17-18 (N.D.N.Y Oct. 23, 2012) (Hummel, M.J.), rep.-rec. adopted, 2013 U.S. Dist. LEXIS 11509 (N.D.N.Y Jan. 29, 2013) (D'Agostino, J.); *Liner v. Fischer*, 11 Civ. 6711, 2013 U.S. Dist. LEXIS 111369, *11 (S.D.N.Y. Aug. 7, 2013). *See also, Mendoza v. McGinnis*, 9:05-CV-1124, 2008 U.S. Dist. LEXIS 110057 (N.D.N.Y July 24, 2008) (Peebles, M.J.) (granting summary judgment where allegations of policy or custom

were conclusory and inmate "identified no specifics" to support his claim); *Parris v. N.Y.S. Dep't Corr. Servs.*, 12 Civ. 1849, 2013 U.S. Dist. LEXIS 73407, *17-18 (S.D.N.Y. May 23, 2013) ("[C]onclusory, unsupported allegations [of gross negligence or the existence of a policy] are simply insufficient to establish liability of supervisory prison officials under § 1983." (alterations in original) (quoting *Mendoza*, 2008 U.S. Dist. LEXIS 110057).

This Court, in a companion case that contained similar personal involvement allegations to those proposed in the instant amendment, dismissed those claims against all defendants except defendants Hite and Megna. *See Brown, supra*, 2013 U.S. Dist. LEXIS 142326, at *42. It is clear that the allegations against all defendants other than Hite and Megna, in this particular case, are similarly insufficient. Plaintiffs have conclusorily alleged, with respect to each such defendant, that they "took action to impose", approved, directed, implemented, and/or extended the reduced benefits under the act. *See* Prop. Am. Comp. ¶22. No supporting factual allegations are offered in connection with these claims, which are thus insufficient to establish the personal involvement of all defendants other than defendants Hite and Megna.

It is well settled that allegations of personal involvement in the form of a conclusion do not satisfy required pleading standards; thus, for instance, multiple courts faced with allegations that action was taken "at the direction of" a defendant without factual support have disregarded those assertions as "conclusory." *See, e.g., Brown v. Daikin Am., Inc.*, 2011 U.S. Dist. LEXIS 157488, at *19 (S.D.N.Y. Aug. 19, 2011); *Wireless Enters. v. AI Consulting, LLC*, 2006 U.S. Dist. LEXIS 79874, at *29 (W.D.N.Y. Oct. 30, 2006); *Torres v. Ryan*, 2013 U.S. Dist. LEXIS 40184 at *14 (D. Ariz. Mar. 21, 2013); *Hammond v. City of Wilkes-Barre*, 2012 U.S. Dist. LEXIS 114179, at *9 (M.D. Pa. Aug. 14, 2012); *Koller v. West Bay Acquisitions, LLC*, 2012 U.S. Dist. LEXIS 96162, at *14 (N.D. Cal. July 11, 2012); *Smith v. Eyke*, 2011 U.S. Dist. LEXIS

4

42745, at *13 (W.D. Mich. Apr. 20, 2011); *Pegasus Imaging Corp. v. Northrop Grumman Corp.*, 2008 U.S. Dist. LEXIS 43495k at *4 (M.D. Fla. May 30, 2008); *Shapo v. Engle*, 2000 U.S. Dist. LEXIS 9315, at *8 (N.D. Ill. June 30, 2000); *Fenili v. Berry*, 1998 U.S. Dist. LEXIS 15033, at *2 (N.D. Cal. Sept. 15, 1998).  The facts stated in the complaint suggest only that the challenged action pursuant to statute was taken by defendant Hite, and approved by defendant Megna; there are simply no allegations that would suggest that any other defendant took specific action.

Many of the allegations in plaintiffs' complaint, moreover, are directed at "the defendants" as a group, rather than any particular defendant. It is further settled that pleadings that are directed to "defendants" in the conjunctive are insufficient to establish liability against any particular defendant. *Pearce v. Labella*, 473 Fed. Appx. 16, 20 (2d Cir. 2012); *Bertuglia v. City of New York*, 839 F. Supp. 2d 703, 723 (S.D.N.Y. 2012); *Colaruotolo v. County of Schenectady, New York*, 2013 U.S. Dist. LEXIS 84934, at *11-18 (N.D.N.Y May 24, 2013); *Thomas v. Venditto*, 925 F. Supp. 2d 352, 363 (E.D.N.Y. 2013); *Ogbon v. Beneficial Credit Servs.*, 2011 U.S. Dist. LEXIS 11615 (S.D.N.Y. Feb. 1, 2011).  Plaintiffs have thus failed to sufficiently allege the personal involvement of any defendants other than defendants Hite and Megna, and inclusion of those claims would be futile. Similarly, all claims for damages, except those against defendants Hite and Megna, would also be futile.

## POINT II

### PLAINTIFFS' CLAIMS AGAINST THE STATE AGENCIES AND FOR ANNULLMENT OF THE DEFENDANTS' ACTIONS CANNOT BE ASSERTED AS THESE CLAIMS WERE PREVIOUSLY DISMISSED

In the order on defendant's motion to dismiss the complaint in this matter, the Court dismissed all agency defendants and all Article 78 claims. *Roberts v. New York*, 911 F. Supp. 2d 149, 160 and 183 (N.D.N.Y 2012). In their amended complaint, plaintiffs continue to name the agency defendants, and assert claims seeking damages and/or nullification of the actions of the defendants under state law, which are more properly characterized as Article 78 claims. See Prop. Am. Comp. (Dkt. 43-2), ¶¶ 145-158.[2] As the Article 78 claims were previously dismissed, the requested relief associated with those claims is futile. Moreover, the claims against the agency defendants are also futile. This would include the claims for breach of contract, which are alleged against the State of New York, and which are clearly barred by the Eleventh Amendment. *See, e.g., Sank v. City Univ. of N.Y.*, 112 Fed. Appx. 761, 763 (2d Cir. 2004).

## POINT III

### PLAINTIFFS' OFFICIAL CAPACITY CLAIMS AGAINST DEFENDANTS CUOMO, DINAPOLI, AHL AND HANRAHAN MUST BE DISMISSED ON THE PLEADINGS FOR FAILURE TO STATE A CLAIM, AS THERE IS NO EVIDENCE THAT ANY OF THESE DEFENDANTS WERE CONNECTED WITH THE ENFORCEMENT OF THE ACT ALLEGED TO BE UNCONSTITUTIONAL

In denying defendants' motion to dismiss the original complaint in this matter, the Court noted defendants' failure to address the exception to immunity set forth in *Ex Parte Young*, 209 U.S. 123 (1908). *Roberts, supra*, at 161. As plaintiffs had set forth a *prima facie* showing that their complaint alleged an ongoing violation of federal law, which was undisputed by the

---

2   There is no private right of action for violation of a state statute, except under certain narrow circumstances not present in the instant case. *See, e.g., McLean v. City of New York*, 12 N.Y.3d 194 (2009).

defendants at that time, the Court found that the complaint properly requested prospective relief against the individual defendants in their official capacities. *Id*.

At this time, defendants move on the pleadings to dismiss all defendants other than defendants Hite and Megna in their official capacities. Although *Ex Parte Young*, *supra*, clearly excepts from Eleventh Amendment immunity suits for injunctive relief against state officers for ongoing violations of the Constitution or law (*See Roberts, supra*, at 160), the Court did not overturn the requirement first set forth in *Fitts v. McGhee*, 172 U.S. 516, 529 (1899), that:

> In making an officer of the State a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional it is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the State, and thereby attempting to make the State a party.

*Ex parte Young*, 209 U.S. 123, 157 (1908).

Since the *Ex Parte Young* decision was issued, courts have grappled with its limits, but have ultimately, and generally uniformly, held that the state officer sued must have some specific connection with the enforcement of the Act alleged to be unconstitutional. *See Mendez v. Heller,* 530 F.2d 457, 460 (2d Cir. 1976) (Attorney General may not be sued as he had no specific enforcement obligations relative to challenged statute); *Wang v. Pataki*, 164 F. Supp. 2d 406, 410 (S.D.N.Y. 2001) (Governor may not be sued); *Gras v. Stevens*, 415 F. Supp. 1148, 1152 (S.D.N.Y. 1976) (same); *Nolan v. Cuomo*, 2013 U.S. Dist. LEXIS 6680 (E.D.N.Y. Jan. 16, 2013) (head of DCJS not a proper party because no evidence that he had a connection to the enforcement of SORA); *In re Justices of Supreme Court*, 695 F.2d 17 (1st Cir. 1982); *Okpalobi v. Foster*, 244 F.3d 405, 419 (5th Cir. 2001); *Ass'n des Eleveurs de Canards et D'oies du Quebec v. Harris*, 729 F.3d 937, 943 (9th Cir. 2013); *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir.

1988).

The primary claim asserted by the plaintiffs involves the allegation that actions taken by defendants Hite and Megna pursuant to Civil Service Law ("CSL") §167(8) were unconstitutional. That statutory section specifies those who are permitted to enforce it:

> Notwithstanding any inconsistent provision of law, where and to the extent that an agreement between the state and an employee organization entered into pursuant to article fourteen of this chapter so provides, the state cost of premium or subscription charges for eligible employees covered by such agreement may be modified pursuant to the terms of such agreement. The president [of the Civil Service Commission], with the approval of the director of the budget, may extend the modified state cost of premium or subscription charges for employees or retirees not subject to an agreement referenced above and shall promulgate the necessary rules or regulations to implement this provision.

Plaintiffs in the instant case have failed to allege that any of the defendants, except for defendants Hite and Megna, had any connection whatsoever with the enforcement of the legislative act that has been challenged, and their complaint therefore fails to state a cause of action against these individuals in their official capacities.  A review of the statutes conferring authority on these individuals suggests that none of them has any specific connection with the enforcement of CSL §167(8). Similarly, CSL §6 outlines the powers and duties of the state civil service commission, and does not include any enforcement authority. The only Civil Service Commission member with enforcement authority is the president, per CSL §7. Hanrahan and Ahl, as members of the Commission, therefore have no connection with enforcement of CSL §167(8).  The powers and duties of the Governor and Thomas DiNapoli similarly do not include enforcement of CSL §167(8).

As plaintiffs' complaint does not allege the requisite connection between the individual defendants in their official capacities and the enforcement of the statutory section alleged to have been applied unconstitutionally, all claims against these defendants must be dismissed pursuant

to the Eleventh Amendment.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to amend the complaint to assert a cause of action against defendants Cuomo, Ahl, Hanrahan and DiNapoli in their personal capacities, and to include previously dismissed claims and defendants, should be denied. Defendants' motion for judgment on the pleadings with respect to the official capacity claims asserted against defendants Cuomo, Ahl, Hanrahan and DiNapoli should be granted, and this action should be dismissed in its entirety with respect to all defendants except Hite and Megna.

Dated: Albany, New York
      May 28, 2014

                                      ERIC T. SCHNEIDERMAN
                                      Attorney General of the State of New York
                                      Attorney for Defendants Andrew M. Cuomo,
                                          Patricia A. Hite, Caroline W. Ahl, J.
                                          Dennis Hanrahan, Robert L. Megna and
                                          Thomas P. DiNapoli
                                      The Capitol
                                      Albany, New York  12224-0341

                                      By: *s/ Laura Sprague*
                                      Laura Sprague
                                      Assistant Attorney General, of Counsel
                                      Bar Roll No. 511478
                                      Telephone:  (518) 474-0822
                                      Fax:  (518) 473-1572 (Not for service of papers)
                                      Email: Laura.Sprague@ag.ny.gov

TO:    Erica C. Gray-Nelson, Esq.
        District Council 37
        125 Barclay Street
        New York, NY  10007