UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LILLIAN ROBERTS as Executive Director of District Council 37, AFSCME, AFL-CIO, DISTRICT COUNCIL 37, AFSCME, AFL-CIO, DENNIS IFILL, as President of the Rent Regulation Services Unit Employees, Local 1359, District Council 37, AFSCME, AFL-CIO, THE RENT REGULATION SERVICES UNIT EMPLOYEES, LOCAL 1359, CLIFFORD KOPPELMAN, as President of the Court, County and Department of Probation Employees Unit, Local 1070, THE COURT, COUNTY, AND DEPARTMENT OF PROBATION EMPLOYEES UNIT, LOCAL 1070 and MILDRED BROWN, SHANOMAE WILTSHIRE, NORMA GALLOWAY, CHARMAINE HARDAWAY, MAURICE BOUYEA, STEVEN SCHWARTZ, on behalf of themselves and all others similarly situated,

                                                Plaintiffs,

Civil Case No.: 12-cv-0046

(MAD/DRH)

-against-

THE STATE OF NEW YORK, ANDREW M. CUOMO, as Governor of the State of New York, NEW YORK STATE CIVIL SERVICE DEPARTMENT, PATRICIA A. HITE, as Acting Commissioner, New York State Civil Service Department, NEW YORK STATE CIVIL SERVICE COMMISSION, CAROLINE W. AHL and J. DENNIS HANRAHAN, as Commissioners of the New York State Civil Service Commission, ROBERT L. MEGNA, as Director of the New York State Division of the Budget, and THOMAS P. DiNAPOLI, as Comptroller of the State of New York, and NEW YORK STATE AND LOCAL RETIREMENT SYSTEM,

                                                Defendants.

_____

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION TO AMEND THE COMPLAINT**

                              ROBIN ROACH
                              GENERAL COUNSEL
                              DISTRICT COUNCIL 37, AFSCME, AFL-CIO
                              Attorney for Plaintiffs
                              Erica C. Gray-Nelson, of Counsel
                              Bar Roll No.: 516294

## TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**ARGUMENT**. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    POINT I

    PLAINTIFFS' PROPOSED AMENDMENTS TO THE COMPLAINT
    ARE NOT FUTILE AS THIS COURT HAS ALREADY DETERMINED
    THAT THE DISPUTED CLAIMS MAY PROCEED. . . . . . . . . . . . . . . . . . . . . . . . . 2

    POINT II

    THE PROPOSED AMENDED COMPLAINT DOES NOT ALLEGE
    CLAIMS AGAINST THE STATE AGENCIES AND PROPERLY ASSERTS
    CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES. . . . . . . 4

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**CERTIFICATE OF SERVICE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## PRELIMINARY STATEMENT

Plaintiffs submit this Reply Memorandum of Law in further support of the motion to amend the complaint and in response to defendants' Opposition to Plaintiffs' Motion to Amend Complaint. Defendants posit that plaintiffs' proposed amendments are futile and were previously dismissed. For the reasons stated below, plaintiffs assert that defendants cannot establish that the proposed amendments are futile and, further, the proposed amendments were not previously dismissed. To the extent there are claims that were erroneously included in the proposed Amended Complaint, said error should not constitute a basis for denying the motion to amend.

## ARGUMENT

### POINT I

**PLAINTIFFS' PROPOSED AMENDMENTS TO THE COMPLAINT ARE NOT FUTILE AS THIS COURT HAS ALREADY DETERMINED THAT THE DISPUTED CLAIMS MAY PROCEED**

The parties in this action do not dispute that "a party may amend its pleading [ ] with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Neither is there a dispute that "the court should freely give leave when justice so requires" where a party is seeking the court's permission to amend a pleading. *Id.* Further, courts have made clear that, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182; 83 S. Ct. 227 (1962); *Laurent v. PricewaterhouseCoopers LLP*, 2012 U.S. Dist. LEXIS 118109 (S.D.N.Y. Aug. 12, 2012).

2

Nevertheless, leave to amend a complaint may properly be denied if permitting the amendment would be futile, cause undue delay, where there is a showing of bad faith or undue prejudice to the opposing party may result. *See Holmes v. Grubman*, 568 F.3d 329 (2d Cir. 2009); *Brown v. New York*, 975 F. Supp.2d 209, 231 (N.D.N.Y., Sept. 30, 2013).

Thus, even though defendants recognize the general principle in favor of permitting parties to amend their pleadings, they argue that, in the instant matter, plaintiffs should not be permitted to amend the complaint because doing so would be futile. *See* Dkt. No. 45, p.2. Defendants do not base their opposition to the motion to amend on any other grounds, such as, bad faith, undue delay by the plaintiffs or undue prejudice. Defendants explain, instead, that the proposed amendments are futile because plaintiffs have failed to sufficiently allege the personal involvement of the individual defendants to make out a colorable claim under 42 U.S.C. § 1983. *See* Dkt. No. 45, p.2. To prevail in their futility claim, defendants must establish that plaintiffs' proposed amendments could not survive a motion to dismiss under FRCP Rule 12 (b)(6). *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *Brown v. New York, supra*, 975 F. Supp. 2d 209, 231; *Hines v. City of Albany*, 542 F. Supp. 2d 218, 224, *aff'd*, 2013 U.S. App. LEXIS 6273 (2d Cir. 2013). Furthermore, there is no requirement that plaintiffs prove their case or the merits of their proposed amended claims. *See Spencer v. Arizona Premium Finance Co., Inc.*, 2008 U.S. Dist. LEXIS 104851 (W.D.N.Y., Dec. 24, 2008), *dismissed on other grounds*, 2011 U.S. Dist. LEXIS 109352 (W.D.N.Y., Sept. 24, 2011).

Here, plaintiffs have alleged in the proposed Amended Complaint that defendants Cuomo, Hite, Megna and DiNapoli by their own actions violated plaintiffs' rights. *See* Dkt. No. 43, Appx. 2,

¶¶ 22, 24, 30, 31. Moreover, in at least two decisions involving companion cases before this Court, *N.Y.S. Correctional Officers and Police Benevolent Assoc., et al. v. State of New York*, Index No. 11-CV-1523 at Dkt. No, 22 and *N.Y.S. Police Investigators Assoc., Local 4 IUPA, AFL-CIO, et al. v. State of New York*, 11-CV-1527 at Dkt. No. 18, which substantially assert identical allegations against the defendants in their individual capacities, District Judge Mae D'Agostino did not grant defendants' Rule 12(b)(6) motion on the basis that plaintiffs failed to allege sufficient personal involvement. *See* 11-CV-1523 at Dkt. No. 22 and 11-CV-1527 at Dkt. No. 18. Thus, defendants cannot meet their burden of showing that the proposed amendments are futile as identical claims have already survived a Rule 12(b)(6) motion.

### POINT II

### THE PROPOSED AMENDED COMPLAINT DOES NOT ALLEGE CLAIMS AGAINST STATE AGENCIES AND PROPERLY ASSERTS CLAIMS AGAINST DEFENDANTS IN THEIR OFFICIAL CAPACITIES

Contrary to defendants' assertions, the proposed Amended Complaint removes all claims against the State entities, consistent with the Court's December 3, 2012 Decision and Order (Dkt. No. 19) on defendants' motion to dismiss in this case. *See* Dkt. No. 43, Appx. 2. In addition, the proposed amendments preserve the claims for prospective injunctive and declaratory relief against defendants Cuomo, Hite, Ahl, Hanrahan, Megna and DiNapoli in their official capacities as these claims were not dismissed and the Court has expressly retained jurisdiction over said claims. *See* Dkt. No. 19, p.16.

Plaintiffs' Fourth Cause of Action alleges violations of State law. To the extent that these claims may be characterized as Article 78 claims and were improperly included in the proposed

Amended Complaint, Plaintiffs will correct this error should the Court grant its motion to amend. The mistake was inadvertent, minor and easily correctable. It was not made in bad faith, and will not cause undue delay or undue prejudice to the defendants. Plaintiffs further assert that the motion should not be denied on the basis of an error that can be corrected.

## CONCLUSION

Plaintiffs proposed amendments are not futile. The amendments have already survived a FRCP Rule 12(b) motion to dismiss in at least two related cases and the proposed Amended Complaint substantially complies with Judge D'Agostino's Decision and Order, rendered on December 3, 2012. Therefore, for all the foregoing reasons, plaintiffs' motion to amend the Complaint should be granted.

Dated: New York, New York
July 8, 2014

          Respectfully submitted,

          ROBIN ROACH
          GENERAL COUNSEL
          DISTRICT COUNCIL 37, AFSCME, AFL-CIO
          Attorney for Plaintiffs

          By: /s/Erica Gray-Nelson
              Erica C. Gray-Nelson, of Counsel
              Bar Roll No.: 516294
              125 Barclay Street, 5th Floor
              New York, New York 10007
              Tel.: (212) 815-1450
              Fax: (212) 815-1440
              egray-nelson@dc37.net

TO:  ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendants
Laura Sprague, AAG, Of Counsel
laura.sprague@ag.ny.gov

Rachel M. Kish, AAG, Of Counsel
rachel.kish@ag.ny.gov
The Capitol
Albany, New York 12224
(518) 474-0822
(Via ECF)

**CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2014, I electronically filed the aforementioned document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se litigants identified above in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing electronically.