UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LILLIAN ROBERTS as Executive Director of District
Council 37, AFSCME, AFL-CIO, DISTRICT COUNCIL
37, AFSCME, AFL-CIO, DENNIS IFILL, as President of
the Rent Regulation Services Unit Employees, Local 1359,
District Council 37, AFSCME, AFL-CIO, THE RENT
REGULATION SERVICES UNIT EMPLOYEES,
LOCAL 1359, CLIFFORD KOPPELMAN, as President of
the Court, County and Department of Probation Employees
Unit, Local 1070, THE COURT, COUNTY, AND
DEPARTMENT OF PROBATION EMPLOYEES UNIT,
LOCAL 1070 and MILDRED BROWN, SHANOMAE
WILTSHIRE, NORMA GALLOWAY, CHARMAINE
HARDAWAY, MAURICE BOUYEA, STEVEN
SCHWARTZ, on behalf of themselves and all others
similarly situated,

12-cv-0046

MAD/CFH

*Plaintiffs*,

-against-

THE STATE OF NEW YORK, ANDREW M. CUOMO,
as Governor of the State of New York, NEW YORK
STATE CIVIL SERVICE DEPARTMENT, PATRICIA A.
HITE, as Acting Commissioner, New York State Civil
Service Department, NEW YORK STATE CIVIL
SERVICE COMMISSION, CAROLINE W. AHL and J.
DENNIS HANRAHAN, as Commissioners of the New
York State Civil Service Commission, ROBERT L.
MEGNA, as Director of the New York State Division of
the Budget, and THOMAS P. DiNAPOLI, as Comptroller
of the State of New York, and NEW YORK STATE AND
LOCAL RETIREMENT SYSTEM,

*Defendants*.

**MEMORANDUM OF LAW IN SUPPORT OF OBJECTIONS TO MAGISTRATE
JUDGE HUMMEL'S JULY 25, 2014 REPORT AND RECOMMENDATION**

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
  *Attorney for Defendants Andrew M. Cuomo,
  Patricia A. Hite, Caroline W. Ahl, J. Dennis
  Hanrahan, Robert L. Megna and Thomas P.
  DiNapoli*
The Capitol
Albany, New York 12224-0341

Justin L. Engel
Assistant Attorney General, of Counsel
Bar Roll No. 518813
Telephone:  (518) 402-2223
Fax:  (518) 473-1572 (Not for service of papers)                Date: August 11, 2014

Case 1:12-cv-00046-MAD-CFH   Document 57-1   Filed 08/11/14   Page 3 of 9

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT ....................................................................................................................... 1

CONCLUSION.................................................................................................................... 6

i

## PRELIMINARY STATEMENT

Defendants respectfully object to that portion of Magistrate Judge Hummel's July 25, 2014 Report and Recommendation (the "Report and Recommendation") on Defendants' Motion for Judgment on the Pleadings (Dkt. No. 54) finding that Plaintiffs adequately alleged that Defendants Cuomo, Ahl, Hanrahan and DiNapoli were personally involved in alleged constitutional violations and therefore may be liable for monetary damages in their individual capacities pursuant to 42 U.S.C. § 1983.  Contrary to Magistrate Judge Hummel's finding, Plaintiffs have not sufficiently alleged personal involvement by these defendants, and therefore Plaintiffs' individual capacity claims against them must be dismissed.  Moreover, this Court has never ruled in this case on the sufficiency, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, of allegations of personal involvement by defendants Cuomo, Ahl, Hanrahan, and DiNapoli.  Indeed, this Court previously held in a related case that virtually identical allegations against the same defendants were inadequate to establish their personal involvement.

## ARGUMENT

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, where, as here, a Magistrate Judge enters a recommended disposition on a dispositive motion, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*[1]

---

1       Although the *de novo* standard of review governs here because a motion for judgment on the pleadings is a dispositive motion, Defendants submit that they should prevail even under the more deferential standard that applies to non-dispositive motions because, as explained *infra*, Magistrate Judge Hummel's decision with respect to the sufficiency of Plaintiffs' personal

As Defendants argued in their Motion for Judgment on the Pleadings (Dkt. No. 46-1, at 2-5), Plaintiffs have failed to sufficiently allege the personal involvement of the individual defendants other than Hite and Megna.  "Personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").  Defendants explained that in a related case, *Brown v. New York*, this Court dismissed individual capacity claims against the same defendants on the basis that the plaintiffs' allegations of personal involvement were insufficient.  *See Brown v. New York*, 975 F. Supp. 2d 209, 229-31 (N.D.N.Y. 2013).  Specifically, this Court held:

> Based upon a review of the allegations in the Complaint, the Court finds that Plaintiffs have failed to make any direct or indirect allegations sufficient to permit an inference that Defendants Cuomo, Lippman, Prudenti, Ahl, Hanrahan, and DiNapoli acted or failed to act in any of the ways that would subject them to personal liability for the violations alleged by Plaintiffs.  Accordingly, Defendants' motion to dismiss Plaintiffs' claims as to these Defendants in their individual capacity is granted.

*Id.* at 231.

In his Report and Recommendation, Magistrate Judge Hummel found that Plaintiffs' allegations of personal involvement are "readily distinguishable" from the allegations in *Brown*. (Dkt. No. 54, at 7.)  This is mistaken.  As the following chart illustrates, the allegations set forth in the operative complaints in the two cases are in fact virtually identical:[2]

---

involvement allegations was clearly erroneous and contrary to law.  *See* Fed. R. Civ. P. 72(a) ("The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.").

[2]     A copy of the complaint in *Brown* is attached as Exhibit A for the Court's convenience.

| Defendant | *Brown* Allegations[3] | Instant Allegations |
|---|---|---|
| Cuomo | "Upon information and belief, Defendant Governor Andrew M. Cuomo approved and directed the implementation of reduced health insurance benefits for members of the Plaintiff Court Unions which were enacted December 1, 2011 retroactive to October 1, 2011." (*Brown*, 13-cv-645, Dkt. No. 1, annexed hereto as Exhibit A, ¶ 29.) | "Upon information and belief, defendant Cuomo approved and directed the implementation of increased rates of contribution for health insurance benefits for retired State employees, effective October 1, 2011." (Dkt. No. 1, ¶ 23.)<br><br>"Upon information and belief, defendant[s] Hite [and Megna] approved and imposed . . . [higher] rates for health insurance benefits for retired State employees . . . at the direction of defendant Governor or his staff." (Dkt. No. 1, ¶¶ 30, 34.) |
| Ahl and Hanrahan | "Defendants Commissioners Caroline W. Ahl and J. Dennis Hanrahan, together constitute the Civil Service Commission, with all the powers and duties set forth in the Civil Service Law and as otherwise prescribed by law, statutes, rules and regulations." (Ex. A, ¶ 41.) | "Defendants Caroline W. Ahl and J. Dennis Hanrahan together constitute the Civil Service Commission, with all the powers and duties set forth in the Civil Service Law and as otherwise prescribed by law, statutes, rules and regulations." (Dkt. No. 1, ¶ 32.) |
| DiNapoli | "Defendant Thomas P. DiNapoli, as Comptroller of the State of New York, is head of the Office of State Comptroller and the Department of Audit Control, which is a department within the Executive Branch of the New York State Government.  As Comptroller, DiNapoli, oversees and authorizes the payment of salaries and pensions for all current and retired UCS employees."  (Ex. A, ¶ 44.) | "Defendant Thomas P. DiNapoli, as Comptroller of the State of New York, is the head of the Office of State Comptroller and the Department of Audit and Control, which is a department within the Executive Branch of the New York State Government, and as such, he is a necessary party because he is responsible for the administration of the New York State and Local Retirement System, including the monthly payment of pensions to eligible State retirees in the |

---

3       As noted, the Court in *Brown* also dismissed individual capacity claims against Lippman and Prudenti, who are not defendants in this case, on the basis that the allegations against them were likewise inadequate to establish their personal involvement in any alleged constitutional violations.  *See Brown*, 975 F. Supp. at 229.

| Defendant | *Brown* Allegations[3] | Instant Allegations |
|---|---|---|
| | | Employees' Retirement System, less any deductions for the payment of retiree health insurance premium costs."  (Dkt. No. 1, ¶ 35.) |

This Court's prior decision in *Brown* is the law of the case, and compels dismissal of individual capacity claims against the same defendants here.  *See Brown*, 975 F. Supp. at 220 (explaining that the law-of-the-case doctrine "is broad enough to encompass[ ] a lower court's adherence to . . . the rulings of another judge or court in . . . a closely related case" (citations and internal quotation marks omitted)).  A contrary result would lead incongruous and irreconcilable decisions in companion cases.

Magistrate Judge Hummel's additional bases for recommending denial of Defendants' motion are also erroneous.  First, the Report and Recommendation found that this Court "previously found that plaintiffs' allegations were sufficient to survive defendants' prior motion to dismiss."  (Dkt. No. 54, at 7.)  However, the Court never made such a finding – instead, the Court's prior decision addressed the issue of whether Defendants were entitled to legislative immunity.  (*See* Dkt. No. 19, at 26-28.)  The Court referred to the standard under Rule 12(b)(6), but did <u>not</u> address whether Plaintiffs had sufficiently alleged personal involvement so as to support individual capacity claims under 42 U.S.C. § 1983.  (*See id.*)

Second, the Report and Recommendation found that this Court had previously considered the sufficiency of Plaintiffs' personal involvement allegations – notwithstanding that Defendants did not raise the issue in their prior motion to dismiss – because "[i]ssues pertaining to the Court's subject-matter jurisdiction must be addressed even if not raised by the parties."  (Dkt. No. 54, at 8.)  However, lack of personal involvement <u>does not</u> implicate the Court's subject matter jurisdiction; instead, it is a defense properly raised on a motion to dismiss for failure to

4

state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Jones v. McMahon*, No. 5:98-cv-0374 (FJS/GHL), 2007 U.S. Dist. LEXIS 50145, at *38 (N.D.N.Y. July 11, 2007) ("Because personal involvement is a requirement of a viable claim under Section 1983, a plaintiff who fails to allege facts 'plausibly suggesting' such personal involvement has failed to assert a claim that is legally cognizable under Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (citing *Gill v. Mooney*, 824 F.2d 192, 194, 196 (2d Cir. 1987)).

Third, the Report and Recommendation noted that this Court "allowed plaintiffs an opportunity to amend the complaint in the *Brown* action" to provide sufficient allegations of personal involvement.  (Dkt. No. 54, at 7.)  However, the Plaintiffs in *Brown* never filed an amended complaint, thereby conceding that they have no facts supporting the personal involvement of any individual defendants other than Hite and Megna.  Plaintiffs' allegations of personal involvement in this case are virtually identical to the allegations in *Brown*, and likewise fail to sufficiently support individual capacity claims under Section 1983.

Finally, the Report and Recommendation concluded that Defendants should not have another opportunity to reargue issues that have previously been addressed.  (Dkt. No. 54, at 8.)  As noted, however, Defendants did not previously raise the personal involvement issue, and the Court has never before addressed it.[4]  Accordingly, this Court is deciding that issue for the first

---

[4]     Defendants did not waive their argument regarding lack of personal involvement by failing to raise it in their motion to dismiss.  Unlike defenses listed in certain other subsections of Rule 12(b), the defense of failure to state a claim upon which relief may be granted, *see* Fed. R. Civ. P. 12(b)(6), may be raised for the first time in a Rule 12(c) motion or at trial.  *See, e.g., Breeden v. Sphere Drake Ins. PLC*, No. 96-61376, 2000 Bankr. LEXIS 1693, at *4 (Bankr. N.D.N.Y. Mar. 3, 2000) ("[T]he defense of failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) may be made in any pleading permitted under Rule 7(a) or by motion for judgment on the pleadings . . . ." (citing Fed. R. Civ. P. 12(h)(2))); *see also* Fed. R. Civ. P. 12(h)(2)(B) ("Failure to state a claim upon which relief may be granted . . . may be raised: . . . (B) by motion under Rule 12(c)").  Moreover, Defendants timely filed their Rule

time in this case, and its prior decision in *Brown* compels dismissal of the individual capacity

claims against all defendants other than Hite and Megna.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court sustain their

partial objections to Magistrate Judge Hummel's Report and Recommendation on Defendants'

Motion for Judgment on the Pleadings (Dkt. No. 54), and dismiss, with prejudice, all claims

against Defendants Cuomo, Ahl, Hanrahan and DiNapoli in their individual capacities.

Dated: Albany, New York
       August 11, 2014

                    ERIC T. SCHNEIDERMAN
                    Attorney General of the State of New York
                            *Attorney for Defendants Andrew M. Cuomo,*
                            *Patricia A. Hite, Caroline W. Ahl, J. Dennis*
                            *Hanrahan, Robert L. Megna and Thomas P.*
                            *DiNapoli*
                    The Capitol
                    Albany, New York 12224-0341

                    By: */s/ Justin L. Engel*
                    Justin L. Engel
                    Assistant Attorney General, of Counsel
                    Bar Roll No. 518813
                    Telephone: (518) 402-2223
                    Fax: (518) 473-1572 (Not for service of papers.)
                    Email: justin.engel@ag.ny.gov

To:     Erica C. Gray-Nelson, Esq.
         MARY J. O'CONNELL
         GENERAL COUNSEL, DISTRICT COUNCIL 37, AFSCME, AFL-CIO
         District Council 37
         *Attorney for Plaintiffs*
         125 Barclay Street, 5th Floor
         New York, New York 10007

---

12(c) motion for judgment on the pleadings, since full discovery has yet to even begin in this
case and no trial is scheduled. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed – but
early enough not to delay trial – a party may move for judgment on the pleadings.").