**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

LILLIAN ROBERTS as Executive Director of District
Council 37, AFSCME, AFL-CIO, DISTRICT COUNCIL 37,
AFSCME, AFL-CIO, DENNIS IFILL, as President of the
Rent Regulation Services Unit Employees, Local 1359,
District Council 37, AFSCME, AFL-CIO, THE RENT
REGULATION SERVICES UNIT EMPLOYEES, LOCAL
1359, CLIFFORD KOPPELMAN, as President of the Court,
County and Department of Probation Employees Unit,
Local 1070, THE COURT, COUNTY, AND DEPARTMENT
OF PROBATION EMPLOYEES UNIT, LOCAL 1070 and
MILDRED BROWN, SHANOMAE WILTSHIRE, NORMA
GALLOWAY, CHARMAINE HARDAWAY, MAURICE
BOUYEA, STEVEN SCHWARTZ, on behalf of themselves
and all others similarly situated,

                              **Plaintiffs,**

   vs.                                                               1:12-CV-0046
                                                                                          (MAD/CFH)

**THE STATE OF NEW YORK, ANDREW M. CUOMO,**
as Governor of the State of New York,  **NEW YORK
STATE CIVIL SERVICE DEPARTMENT, PATRICIA A.
HITE,** as Acting Commissioner, New York State Civil Service
Department, **NEW YORK STATE CIVIL SERVICE
COMMISSION, CAROLINE W. AHL and J. DENNIS
HANRAHAN,** as Commissioners of the New York State
Civil Service Commission, **ROBERT L. MEGNA,** as
Director of the New York State Division of the Budget, and
**THOMAS P. DiNAPOLI,** as Comptroller of the State of
New York, and **NEW YORK STATE AND LOCAL
RETIREMENT SYSTEM,**

                                **Defendants.**

---

**APPEARANCES:**                           **OF COUNSEL:**

**DISTRICT COUNCIL 37**             **ERICA C. GRAY-NELSON, ESQ.**
125 Barclay Street
New York, New York 10007
Attorneys for Plaintiffs

**OFFICE OF THE NEW YORK**        **HELENA LYNCH, AAG**

| STATE ATTORNEY GENERAL | JUSTIN L. ENGEL, AAG |
| The Capitol | RACHEL M. KISH, AAG |
| Albany, New York 12224 | |
| Attorneys for Defendants | |

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In a complaint dated January 10, 2012, Plaintiffs allege that Defendants unilaterally increased the percentage of contributions that Plaintiffs, active and retired employees, are required to pay for health insurance benefits in retirement and, thereby, violated the Contracts and Due Process Clauses of the United States Constitution, impaired Plaintiffs' contractual rights under the terms of their Collective Bargaining Agreement, and violated state law. *See* Dkt. No. 1. On March 28, 2014, Plaintiffs filed a motion to amend the complaint and on May 28, 2014 Defendants filed a motion for judgment on the pleadings. *See* Dkt. Nos. 43, 46. In a July 25, 2014 Report-Recommendation and Order, Magistrate Judge Hummel recommended that the Court deny both motions. *See* Dkt. No. 54.

Currently before the Court are the parties' objections to the Report-Recommendation and Order. *See* Dkt. Nos. 57-58.[1]

### II. DISCUSSION

**A.  Standard of review**

  *1. Motion to amend*

---

[1] The Court directs the parties to its December 3, 2012 Memorandum-Decision and Order, in which the Court discussed in detail the relevant factual background. *See* Dkt. No. 19.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a pleading shall be freely given when justice so requires. *See Livingston v. Piskor*, 215 F.R.D. 84, 85 (W.D.N.Y. 2003). "Absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility, Rule 15's mandate must be obeyed." *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

### *2. Motion for judgment on the pleadings*

In deciding a Rule 12(c) motion, the court "'employ[s] the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6).'" *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (quoting *Johnson v. Rowley*, 569 F.3d 40, 43 (2d Cir. 2009)). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[] complaint must be dismissed[,]" *id.* at 570.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

**B.      Plaintiffs' motion to amend**

In their motion to amend the complaint, Plaintiffs assert that, "[i]n light of the Court's ruling on defendants' motion to dismiss and motion for reconsideration, plaintiffs now seek to amend the Complaint to name defendants Cuomo, Hite, Ahl, Hanrahan, Megna and DiNapoli in their individual capacity, drop the State entities from the suit, and remove those allegations and/or claims in the complaint on which defendants' motion to dismiss w[as] granted and that which plaintiffs will not seek to appeal." Dkt. No. 43-1 at 4-5.[2] Moreover, the motion indicated that the amended complaint seeks to name the individual Defendants "in their individual capacity." *Id.* at 7.  In opposition, Defendants argued that, except as against Defendants Hite and Megna, amendment would be futile because they have failed to sufficiently allege the personal involvement of the individual Defendants. *See* Dkt. No. 46-1 at 4.  In the Report-Recommendation and Order, Magistrate Judge Hummel denied Plaintiffs' motion as futile. *See* Dkt. No. 54 at 3.  Magistrate Judge Hummel noted that, "[b]y plaintiffs' own admission, the proposed amendment 'does nothing more than bring the complaint into compliance with the court's previous ruling.'" *Id.*  Further, the report noted that, although Plaintiffs submitted a proposed amended complaint, they failed to comply with Local Rule 7.1(a)(4), in that they did not specifically identify the amendments in the proposed pleading, either through the submission of a red-lined version of the original complaint or other equivalent means. *See id.* at 3 n.2.[3]

---

[2] To avoid confusion, anytime the Court references a specific page number for an entry on the docket, it will cite to the page number assigned by the Court's electronic filing system.

[3] The Court notes that, in the section of the Report-Recommendation and Order addressing Defendants' motion for judgment on the pleadings, Magistrate Judge Hummel treated Plaintiffs' original complaint as alleging claims against the individual Defendants in both their official and individual capacities. *See* Dkt. No. 54 at 7-8.

5

In the present matter, the Court finds that Magistrate Judge Hummel did not err in denying Plaintiffs' motion to amend. Although it is clearly preferable for a complaint to expressly indicate the capacity in which a person has been sued, failure to indicate that an individual is sued in his or her individual capacity is not always fatal to such a claim. *See Yorktown Medical Lab., Inc. v. Perales*, 948 F.2d 84, 88-89 (2d Cir. 1991) (citations omitted). "In place of express pleading, we look to the totality of the complaint as well as the course of proceedings to determine whether the defendants were provided with sufficient notice of potential exposure to personal liability." *Id.* (citations omitted); *see also Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (holding that a plaintiff's failure to state explicitly in his complaint that the defendant is being sued in his individual capacity "is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice") (*en banc*).

In the present matter, the original complaint clearly indicated that Plaintiffs were seeking compensatory damages against Defendants, which are only available against Defendants in their individual capacities. Moreover, in their answer and in their previous motions to dismiss, Defendants asserted the affirmative defense of legislative immunity. *See* Dkt. No. 10-1 at 18-20; Dkt. No. 21 at 11. The law is clear that legislative immunity "extends to public servants only in their *individual* capacities[.]" *Board of County Com'rs, Wabaunsee County, Kan. v. Umbehr*, 581 U.S. 668, 677 (citation omitted). In light of the allegations in the complaint, Defendants' reliance on the doctrine of legislative immunity, and Defendants' acknowledgment in their objections that Defendants are being sued in their individual capacities, it is clear that Defendants were immediately on notice of potential exposure to personal liability. *See Yorktown Medical Lab., Inc.*, 948 F.2d at 88-89.

Since the Court finds that Plaintiffs' original complaint and the course of proceedings clearly establish that Defendants have been sued in their official and individual capacities, and because the proposed amended complaint added no new facts or allegations, the Court finds that Magistrate Judge Hummel did not err in denying Plaintiffs' motion to amend.

**C.     Defendants' motion for judgment on the pleadings**

In their objections, Defendants state that they object "to that portion of Magistrate Judge Hummel's July 25, 2014 Report and Recommendation . . . on Defendants' Motion for Judgment on the Pleadings . . . finding that Plaintiffs adequately alleged that Defendants Cuomo, Ahl, Hanrahan and DiNapoli were personally involved in alleged constitutional violations and therefore may be liable for monetary damages in their individual capacities pursuant to 42 U.S.C. § 1983." Dkt. No. 57-1 at 4.  Defendants rely on this Court's decision in *Brown v. New York*, 975 F. Supp. 2d 209, 229-31 (N.D.N.Y. 2013), a companion case, in which the Court dismissed claims against these Defendants in their individual capacities based on the plaintiffs' failure to plausibly allege their personal involvement. *See* Dkt. No. 57-1 at 5-8.  Defendants contend that the allegations in the present matter are indistinguishable from the allegations in *Brown*. *See id.* Finally, Defendants contend that the personal involvement of Defendants Cuomo, Ahl, Hanrahan and DiNapoli was not previous addressed by the Court, contrary to the findings in the Report-Recommendation and Order.  *See id.* at 8-9.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) (citations omitted).  "[W]hen monetary damages are sought under § 1983, the general

7

doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quotation and other citations omitted). Nevertheless,

> [t]he personal involvement of a supervisory defendant may be shown by evidence that: (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [plaintiffs] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).[4] "[W]hile facts and evidence solely within a defendant's possession and knowledge may be pled 'on information and belief,' this does not mean that those matters may be pled lacking any detail at all." *Miller v. City of New York*, No. 05-6024, 2007 WL 1062505, *4 (E.D.N.Y. Mar. 30, 2007) (citing, *inter alia*, *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 180 (2d Cir. 2004)); *see DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987) ("[T]he allegations must be accompanied by a statement of the facts upon which the belief is based").

The Court will review Plaintiffs' allegations with respect to each of the individual Defendants in turn.[5]

---

[4] Although the Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations, the Court will assume for purposes of this motion that *Colon* is still good law. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

[5] Defendants are correct that the Court did not previously address the moving Defendants' personal involvement. Although confusion often arises when the basis for subject matter jurisdiction is also an element of the plaintiff's asserted federal cause of action, the courts agree that the claimed lack of personal involvement should be evaluated as going to the merits of the

(continued...)

### *1. Defendant Cuomo*

In the complaint, Plaintiffs have alleged that Defendant Cuomo is the Governor of New York and that,"[u]pon information and belief, defendant Cuomo approved and directed the implementation of increased rates of contribution for health insurance benefits for retired State employees, effective October 1, 2011." Dkt. No. 1 at ¶¶ 22-23. Further, Plaintiffs contend that, upon information and belief, Defendants Hite and Megna approved the administrative extension and implementation of reduced health insurance benefits and corresponding increased rates of contribution for retired state employees, "effective October 1, 2011, at the direction of defendant Governor or his staff." *Id.* at ¶¶ 30, 34.

### *2. Defendants Ahl and Hanrahan*

The complaint provides that "Defendants Caroline W. Ahl and J. Dennis Hanrahan together constitute the Civil Service Commission, with all the powers and duties set forth in the

---

[5](...continued)
claim under Rule 12(b)(6), not to the Court's subject matter jurisdiction. *See Jones v. Nassau County Sheriffs Dept.*, 285 F. Supp. 2d 322, 324 (E. D.N.Y. 2003) (treating the defendants' argument that the plaintiff failed to allege their personal involvement as going to the merits of his federal claim, not to the court's subject matter jurisdiction); *see also Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187-89 (2d Cir. 1996) ("Because of the more-than-occasional difficulties involved in parsing a claim alleging federal question jurisdiction to determine whether it fails to state a claim or fails to meet jurisdictional requirements, the federal courts have followed a general practice of granting jurisdiction in most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances"). Since personal involvement does not go to the Court's subject matter jurisdiction, the Court did not address this issue in its previous decision *sua sponte*. Additionally, even if the Court had previously decided this issue, the law of the case doctrine is discretionary when a court, as here, is considering whether to revisit its own decisions or the decisions of a sister court, as opposed to a matter ruled upon by an appellate court. *See In re Northern Telecom Ltd. Securities Litig.*, 42 F. Supp. 2d 234, 239 (S.D.N.Y. 1998) (citing cases).

Civil Service Law and as otherwise prescribed by law, statutes, rules and regulations." Dkt. No. 51 at ¶ 28. No other allegations in the amended complaint mention these Defendants by name.

### 3. *Defendant DiNapoli*

"Defendant Thomas P. DiNapoli, as Comptroller of the State of New York, is the head of the Office of State Comptroller and the Department of Audit and Control, which is a department within the Executive Branch of the New York State Government, and as such, he is a necessary party because he is responsible for the administration of the New York State and Local Retirement System, including the monthly payment of pensions to eligible State retirees in the Employees' Retirement System, less any deductions for the payment of retiree health insurance premium costs." Dkt. No. 1 at ¶ 35. The complaint contains no other allegations relating to Defendant DiNapoli.

### 4. *Application*

In the present matter, the Court agrees with Defendants Cuomo, Ahl, Hanrahan and DiNapoli that the complaint fails to plausibly allege their personal involvement in the alleged constitutional violations and, therefore, the claims brought against them in their individual capacities must be dismissed. The allegations contained in the present complaint are virtually indistinguishable to the allegations in the complaint in *Brown.*

As to Defendant Cuomo, at best, the complaint alleges that, because Defendant Cuomo appointed those responsible for overseeing these changes in the law, he was responsible for the actions of these subordinates. The law is clear that vicarious liability and *respondeat superior* are inapplicable in actions brought pursuant to 42 U.S.C. § 1983. *See Iqbal*, 556 U.S. at 676

("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Madsen v. Washington*, No. C12-5928, 2013 WL 1499145, *4 (W.D. Wash. Mar. 13, 2013) (holding that simply because the governor appointed the individual alleged to have violated the plaintiff's rights is insufficient to allege the governor's personal involvement). Further, although Plaintiffs assert that Defendant Cuomo somehow directed the other named Defendants to engage in the alleged misconduct, the allegation is entirely speculative and the complaint provides no basis for this assertion or how Defendant Cuomo allegedly engaged in this conduct.

As to Defendants Hanrahan, Ahl and DiNapoli, as noted above, the complaint does nothing more than identify who they are and their positions within the state government. Such allegations are clearly insufficient to plausibly allege their personal involvement in the alleged unconstitutional conduct. Finally, although Plaintiffs seek to enjoin Defendant DiNapoli and the Retirement System from making further deductions from the monthly pension payments as a result of the reduced State Contribution rates, that prospective relief would be against him in his official capacity and, therefore, is not impacted by this Court's ruling.

Based on the foregoing, the Court grants Defendants' motion for judgment on the pleadings on this ground.[6]

---

[6] In their objections to the Report-Recommendation and Order, Defendants do not challenge Magistrate Judge Hummel's recommendation that the Court deny the motion as to the official capacity claims brought against Defendant Cuomo, Ahl, Hanrahan and DiNapoli. Having reviewed the parties' submissions and the applicable law, the Court finds that Magistrate Judge Hummel did not clearly err in denying that portion of Defendants' motion for judgment on the pleadings.

### III. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that the July 25, 2014 Report-Recommendation and Order is **REJECTED in part and ACCEPTED in part**; and the Court further

**ORDERS** that Defendants' motion for judgment on the pleadings is **GRANTED in part and DENIED in part**; and the Court further

**ORDERS** that the claims brought against Defendants Cuomo, Hanrahan, Ahl, and DiNapoli in their individual capacities are **DISMISSED**; and the Court further

**ORDERS** that Plaintiffs' motion to amend the complaint is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance in the Local Rules; and the Court further

**ORDERS** that all further non-dispositive pretrial matters are referred to Magistrate Judge Hummel.

**IT IS SO ORDERED.**

Dated: March 20, 2015
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge